### Burnham, Hanna, Munger & Co. v. J. N. McMichael et al.

#### No. 446.

1. **Foreign Laws — Wife's Separate Estate.** — If the law or usage of another State be different from that of Texas in regard to the separate rights of wife to property inherited by her. the burden is upon the party relying upon the foreign law or usage to allege and prove it.

2. **Husband and Wife—Limitation.**—The husband can not invoke the statute of limitation against the wife during coverture; but even if he could, this is strictly a legal plea, and he would not be compelled to take advantage of it.

3. **Contract — Consideration — Moral Obligation.** — It is well established that a moral obligation or a debt barred by limitation may form the consideration for a new promise or even a conveyance.

4. **Homestead — Separate Estate of Wife.** —The consent of the wife to sign the deed to her homestead forms sufficient consideration for setting apart to her separate use a portion of the purchase money. In this case the wife took her husband's note for her portion of the proceeds of the sale of the homestead, and it thereby became her separate property; and when the husband afterward became insolvent the wife was as much entitled to protection as any other of his creditors.

5. **Wife's Separate Property—Purchaser at Sale Under Execution Against the Husband.**—Where the apparent onerous title to real estate is in the community, but the property is really the separate property of the wife, and the same is bought in by a creditor of the husband, at execution sale against him, and the amount of such bid is credited on the execution, such creditor is not an innocent, bona fide purchaser, as against the separate rights of the wife, and her title is not divested by such sale.

APPEAL from Morris. Tried below before Hon. JOHN L. SHEPPARD.

*J. M. Moore,* for appellants.—1. It being admitted that appellants, by their attachment proceedings, obtained the title to the land in controversy, excepting so far as the same may be defeated by the claim of Mrs. A. G. McMichael, setting up separate property therein, and the evidence showing that her claim is based on an indebtedness which is inequitable and illegal as against appellants, judgment should have been rendered for appellants. Carter v. Strange, 14 S. W. Rep., 837; Clay v. Trimble, 16 S. W. Rep., 83; Keyser v. Pilgrim, 25 Texas Supp., 218; Verdman v. Lawson, 17 Texas, 10; McColluch v. Rener, 28 Texas, 793.

2. The deed from J. M. Womack to Mrs. A. G. McMichael having conveyed her apparent onerous title, and appellants having no notice of her separate rights, if any, in and to said land, they should recover herein. Wallace v. Campbell, 54 Texas, 90.

*Jones & Robison,* for appellees.—1. Where the wife signs away her homestead rights in community property, in consideration that one-half of the proceeds becomes her separate property, and allows her husband to use all the proceeds, and she takes his note for one-half the value of said homestead, she thereby becomes his bona fide creditor, and has a right to share in his assets after insolvency with other preferred creditors. Blum v. Light, 16 S. W. Rep., 1090; Gatewood v. Scurlock & Rutledge, decided by this court at present term.

2. A judgment creditor of the husband who buys at his own sale and credits his bid upon the judgment against the husband, takes title inferior to the wife's equities in the property. McKamey v. Thorp, 61 Texas, 648.

LIGHTFOOT, CHIEF JUSTICE.—The following statement from appellants' brief is substantially correct:

Appellee J. N. McMichael failed in the mercantile business on October 25, 1890. Appellants, as creditors of said J. N. McMichael, on November 18, 1890, brought suit upon their debt against said McMichael, and at the same time procured a writ of attachment against the property of said McMichael, which was levied upon the land in controversy as his property. Judgment was obtained by appellants in said suit upon their debt and foreclosing their attachment lien, and at the sale under the decree of foreclosure appellants became the purchasers, taking the sheriff's deed thereto. This. action was brought by appellants against the said J. N. McMichael and his wife, A. G. McMichael, and O. M. Wall, to recover the title and possession of said land and the rental value thereof. The defendant O. M. Wall, in his answer to plaintiffs' suit, disclaims any interest in said land, and prays to be discharged with his costs. The defendants J. N. McMichael and A. G. McMichael in their answer plead "not guilty," and by way of special plea set up facts which they claim make the land sued for the separate property of A. G. McMichael. Upon the trial of the case at the October Term, 1892, of the District Court of Morris County, it was submitted to a jury upon the claim of A. G. McMichael to said land, and the jury found in favor of defendants, upon which verdict judgment was rendered. From this judgment an appeal has been taken.

Upon the testimony as shown in the record, and the verdict and judgment therein, we reach the following conclusions of fact:

Appellees, J. N. McMichael and his wife, A. G. McMichael, were living in Cass County, Texas, in 1889, upon their homestead. The husband bargained the place to J. M. Womack for $1500, but the wife refused to. join in the sale until her husband agreed to secure to her $750 of the purchase price as her separate estate. She claimed this because her husband had previously used several thousand dollars of her separate means which she inherited from her father's estate in Georgia some years before, and which he had promised to account for, but had failed to do. It was finally agreed that her husband would execute to her his note for $750, equal to half the proceeds of the land, and she signed the deed to Womack. At this time McMichael was solvent. The husband, in the trade with Womack, bought a stock of goods at Belden, Texas. After-continuing in business until about October, 1890, J. N. McMichael became indebted to various parties, including appellants, and being insolvent, sold his stock of goods to said J. M. Womack for about $2000, which was its full value, and which was paid for by Womack in part by conveying to appellee Mrs. A. G. McMichael the land in controversy, for which $700 was credited on her note against her husband, J. N. McMichael. This land was levied upon by appellants under attachment against J. N. McMichael, sold under execution at sheriff's sale, and bought in by appellants, the amount of the bid being credited on their debt. About the time of the levy Mrs. McMichael, for the purpose of

avoiding a law suit, deeded the land to O. M. Wall without consideration, but it was afterward reconveyed to her by Wall. The questions presented involve the question as to which acquired the superior title, Mrs. McMichael under her deed from Womack, or appellants under their sheriff's deed under execution against the husband.

*Conclusions of Law.*—The case was tried before the court and a jury. There are no bills of exceptions in the record and no objections to the charge of the court. The only questions raised by the assignment of errors presented by appellants are upon the refusal of the court to grant a new trial on the facts, and upon the legal effect of the evidence introduced. Appellants contend: first, that there was no consideration for the deed from Womack to Mrs. McMichael, and that the husband being insolvent and the consideration passing from him, the title became vested in the community estate and was liable for community debts; second, that the title having been conveyed by McMichael and wife to Wall, and he having disclaimed in the suit, that appellants were entitled to judgment for the land; third, that the deed from Womack to Mrs. McMichael not showing that it was her separate estate, it placed the apparent onerous title in the community, and that appellants having bought without notice of her separate right, acquired a good title.

The facts upon all of these issues were found by the court below against appellants, and we will look to the record to see if the findings are sustained.

First. It was shown that the husband, J. N. McMichael, had used several thousand dollars belonging to his wife, and had agreed to repay it. Appellants contend that this money was used in the State of Georgia, and that there the husband had the right to use it without accounting to his wife, and the transaction having taken place many years ago, was barred by limitation, and formed no consideration for the $750 note executed by the husband to the wife in 1889. If the law or usage of Georgia was different from that of Texas in regard to the separate rights of the wife to property inherited by her, the burden was upon appellants to allege and prove it. This they have not attempted to do. Porcheler v. Bronson, 50 Texas, 561. The husband could not invoke the statute of limitations against his wife during coverture; but even if he could, this is strictly a legal plea, and he would not be compelled to take advantage of it. It is well established that a moral obligation or a debt barred by limitation may form the consideration for a new promise, or even a conveyance. Shearon v. Henderson, 38 Texas, 245; Matthews v. Rucker, 41 Texas, 636.

But outside of this, it has been held that the consent of the wife to sign the deed to her homestead forms sufficient consideration for setting apart to her separate use a portion of the purchase money. Blum v. Light, 81 Texas, 414, citing Giddings v. Ogden, 15 Texas, 485; Gwyer v. Figgins,

37 Iowa, 517; Bump on Fraud. Con., 310. In this case the homestead was sold for $1500. It was absolutely necessary for the wife to join in in the conveyance in order to make a valid sale, and she refused to do so unless one-half the purchase price was secured to her. This was done by the husband executing to her his note for $750. At this time the husband was solvent, and the note was a valid debt against him. When he failed in business about a year afterward, the wife was as much entitled to protection as any other creditor, and the conveyance to her by Womack of the land in controversy was valid.

Second. The fact that McMichael and wife, about the time of the levy of the attachment upon the land, attempted to convey it to Wall, who deeded it back to them, each of such conveyances being without consideration, did not really change the status of the property. They explain this by saying that they made the conveyance expecting to avoid a law suit. But in any event, the conveyance misled no one to his detriment, and a reconveyance having been made by Wall, his disclaimer in the suit did not vest any title in appellants; they do not pretend to have acquired any title except by their levy and sale against McMichael, and they obtained whatever right they may have, if any, from that source.

Third. The deed from Womack to Mrs. McMichael did not show on its face that it was intended to place the title in her as her own separate property, and the apparent onerous title being in the community, an innocent bona fide purchaser without notice from the husband, or under him, would get a good title. Were appellants such innocent bona fide purchasers? Where the apparent onerous title to real estate is in the community, but the property is really the separate property of the wife, and the same is bought in by a creditor of the husband at execution sale against him, and the amount of such bid is credited on the execution, such creditor is not an innocent bona fide purchaser as against the separate rights of the wife, and her title is not divested by such sale. McKamey v. Thorp, 61 Texas, 648; Barnett v. Vincent, 69 Texas, 687; Overstreet v. Manning, 67 Texas, 661.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 28, 1894.

Motion for rehearing overruled March 28, 1894.

Writ of error refused by the Supreme Court May 21, 1894.