EDWARD V. CAULFIELD *vs.* WILLIAM HERMANN.

First Judicial District, Hartford, May Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

| | |
|---|---|
| 64 | 325 |
| 70 | 454 |
| 64 | 325 |
| 71 | 745 |
| 64 | 325 |
| 72 | 719 |
| 64 | 325 |
| 73 | 638 |
| 64 | 325 |
| 75 | 459 |

A written agreement which appears to be a complete and final statement of the whole transaction between the parties, when read in the light of the circumstances attending its execution, will be presumed, in the absence of fraud, accident, or mistake, to contain all the terms and conditions actually agreed upon by the parties.

In such case parol evidence of other terms and conditions, claimed to have been agreed upon prior to the execution of the written instrument, is

inadmissible; especially so, where such terms and conditions are inconsistent with the provisions of the written instrument.

[Argued May 4th—decided May 16th, 1894.]

ACTION to recover rent for the use of an organ alleged to have been hired by the defendant; brought to the Court of Common Pleas in Hartford County and tried to the court, *Calhoun, J.;* facts found and judgment rendered for the plaintiff and appeal by the defendant for an alleged error of the court in excluding evidence. *No error.*

The case is sufficiently stated in the opinion.

*Sidney E. Clarke,* for the appellant (defendant).

*Joseph L. Barbour,* for the appellee (plaintiff).

FENN, J. On February 18th, 1892, the plaintiff delivered an organ to the defendant, on trial, for the use of the defendant's child. On March 1st, 1892, the plaintiff and defendant made and executed a written agreement respecting said organ, of lease and conditional sale, upon which agreement the present suit was brought. The agreement stated that the value of the instrument was $120; that it was leased for eleven months, for ten dollars in advance and ten dollars per month thereafter, and that when the said sum of $120 was paid as provided, with interest, it should be sold and delivered with an effectual bill of sale to the defendant. The advance payment was made, but the defendant neglected to make any further payment. Accordingly, about June 16th, 1892, the plaintiff went to the defendant's home to retake the organ, but the defendant would not allow the plaintiff to take the organ away until he had repaid the defendant said sum of $10.00, paid in advance, as aforesaid.

On the trial the defendant offered parol evidence by which he claimed that he intended to prove that before the execution of said agreement by the defendant, the plaintiff promised to send a music teacher to instruct the defendant's child, and that he would take back the organ and repay the $10.00, if the defendant's child proved not old enough or

Caulfield *v.* Hermann.

large enough to operate the instrument; and that the plaintiff did afterwards send a teacher to instruct the child to play said organ, who decided that the child was too young to operate the instrument, and that the plaintiff had due notice thereof and was requested by the defendant to take away the organ and repay the $10.00, which the plaintiff declined to do. To this evidence the plaintiff objected, as varying and inconsistent with the written contract, and said evidence was therefore excluded by the court.

As based upon this ruling, the defendant's sole reason of appeal is as follows:—" The defendant offered the evidence of several witnesses under the claim that the written instrument was executed in pursuance, but only in partial execution, of a preceding valid contract. The court erred in excluding such evidence."

It will be seen that the defendant makes no contest with the familiar, elementary rule that parol evidence, in the absence of fraud, accident, or mistake, is inadmissible to contradict or vary the terms of a written agreement. The sole claim is that the rule of exclusion has no application in cases where the writing is not the contract itself, but only an instrument given in part execution of such contract. *Collins* v. *Tillou,* 26 Conn., 368 ; *Hall* v. *Solomon,* 61 id., 482 ; *Averill* v. *Sawyer,* 62 id., 560, 568, 569. It is said, and the cases cited abundantly support the assertion, that where this is the case the parol contract may itself be proved.

The only question, therefore, for us to consider, is the correct application of an undoubted rule in this present instance. In order to decide this, as the rule itself lacks somewhat in precision, it will be advisable in the first place to determine as definitely as possible its scope and proper limitations. Stephen, in his Digest of the Law of Evidence, Art. 90, after stating the general rule of exclusion of parol evidence in case of a written agreement, gives certain exceptions, the second of which is as follows:—" The existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the Court infers that the parties

did not intend the document to be a complete and final statement of the whole of the transaction between them." Assuming this language to be correct, we may say that in *Averill* v. *Sawyer, supra,* it could not be inferred that the parties did not intend the writing to be a full and final statement of the whole of the transaction, but the contrary was presumed. And in the present case the same may be said; and in addition, that the oral contract claimed is inconsistent with the writing.

The third exception stated by Stephen is:—" The existence of any separate oral agreement, constituting a condition precedent to the attaching of any obligation under any such contract, grant, or disposition of property." This exception has been recognized in our State in *McFarland* v. *Sikes,* 54 Conn., 250, and other cases there cited. But it cannot, nor is it claimed that it can, avail the defendant. Parol evidence in such cases merely goes to prove that the written contract never went into force as a binding obligation. In the case now under consideration it had so gone into force, and there had been part performance on both sides, delivery by the plaintiff, advance payment by the defendant.

In Greenleaf's Ev., § 284*a,* it is said:—" Nor does the rule," excluding parol evidence, " apply in cases where the original contract was verbal and entire, and a part only of it was reduced to writing." This was commented upon in *Eighmie* v. *Taylor,* 98 N. Y., 294, where the court said that such language is capable, if too broadly and loosely interpreted, of working utter destruction of the general rule excluding oral evidence; for, say the court, " if we may go outside of the instrument to prove that there was a stipulation not contained in it, and so that only part of the contract was put in writing, and then because of that fact, enforce the oral stipulation, there will be little of value left in the rule itself." The court added:—" The writings which are protected from the effect of contemporaneous oral stipulations are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions. If upon inspection and study of the writing, read,

it may be, in the light of surrounding circumstances in order to its proper understanding and interpretation, it appears to contain the engagement of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract."

We do not think our own court in holding parol evidence admissible under the exception to the rule of exclusion as above stated, has ever gone beyond the limits of the doctrine of *Eighmie* v. *Taylor.* Nor are we now disposed to do so. It follows that the parol evidence offered was clearly inadmissible, and properly excluded. Not only did the writing appear to contain the engagement of the parties and constitute presumably the whole contract, but the additional stipulation proposed to be shown conflicted with the instrument and was inconsistent with it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.