CUSTEAU, Respondent, vs. ST. LOUIS LAND IMPROVEMENT
COMPANY, Appellant.

*September 10 — October 2, 1894.*

*Written contract for sale of land: Collateral oral agreement: Evidence.*

A written instrument by which a land company acknowledged the re-
ceipt of a sum of money and gave the person paying it permission
to enter upon a certain lot in its town site and to build thereon
within a definite period, and agreed to sell the lot to him, upon the
completion of the building, at a fixed price, and to apply thereon the
sum already paid, and to convey the lot to him, taking back security
for the deferred payments, is *held* to cover the entire contract of sale
on the part of the company; and, there having been no fraud or mis-
representation of existing facts, an antecedent or contemporaneous
oral agreement by the company, in consideration of such purchase,
to build and maintain a large city upon said site, etc., could not be
shown.

APPEAL from the Superior Court of *Douglas* County.

This action was commenced August 23, 1893. The com-
plaint alleges, in effect, that the defendant is a foreign cor-
poration; that prior to May 21, 1891, it was the owner of
a large tract of land in Douglas county, which it had caused
to be surveyed, platted, and laid out as a town site, named
St. Louis; that May 21, 1891, the defendant entered into a
contract with the plaintiff by which the defendant prom-
ised and agreed, in consideration of the plaintiff purchasing
of the defendant a lot in said town site, and erecting thereon
a two-story frame building costing not less than $1,000,
that the defendant would build, establish, and maintain a
large and flourishing town or city upon said site, and
would make of it the greatest manufacturing city in the
northwest, and would erect thereon at least 400 dwelling
houses, and numerous large industrial plants, furnishing
steady employment to more than 1,000 men, and maintain
the same in steady operation, and would erect thereon a

Custeau vs. St. Louis Land Improvement Co.

large flouring mill having a capacity of 7,500 barrels per day, and a large number of stores, banks, hotels, churches, and schools, and secure the location and operation thereon of the shops and terminals of the Duluth & Southern Railroad, and would maintain three trains per day on the Northern Pacific between St. Louis and West Superior, and would construct, maintain, and operate the St. Louis Terminal Railroad between St. Louis and Superior, and would construct a system of sewerage thereon, and improve and dredge the channel of the St. Louis river so as to make St. Louis accessible to the largest lake vessels, and would construct and maintain a good and sufficient harbor thereat, and lay out, grade, improve, and maintain a good and sufficient system of streets therein, and would induce a very large number of people to come to and reside permanently therein, and that all of said agreements on the part of the defendant would be performed during the years 1891 and 1892; that the plaintiff performed all the conditions and agreements therein to be performed on his part by purchasing the lot and constructing the building as agreed; that the defendant had wholly neglected and refused to fulfill the terms of the contract on its part. Judgment is demanded for $1,975, with costs. The defendant answered by way of certain admissions, and otherwise a general denial.

At the close of the trial the court directed the jury to return a verdict in favor of the plaintiff and assess his damages at $1,204. The jury having returned the verdict as directed, judgment was entered accordingly. The defendant appeals.

For the appellant there were briefs by *Knowles, Dickinson, Buchanan, Graham & Wilson,* and oral argument by *S. N. Dickinson.*

For the respondent there was a brief by *Loud & O'Brien,* and oral argument by *P. O'Brien.* They contended, *inter*

*alia,* that the promises of the defendant to the plaintiff were never reduced to writing. The writing in this case, Exhibit A, is not the contract, but was made only in execution of the verbal agreement. Therefore no suit is brought upon Exhibit A, but on the verbal agreement. As the evidence showed conclusively that the contract in the case at bar remained in parol, verbal evidence was properly introduced to prove it. Such is the rule in this state. *Green v. Batson,* 71 Wis. 54; *Smith v. Coleman,* 77 id. 343; *Red Wing Mfg. Co. v. Moe,* 62 id. 240; *Kickland v. Menasha W. W. Co.* 68 id. 34; *Collette v. Weed,* id. 428; *Boothby v. Scales,* 27 id. 626; *Jilson v. Gilbert,* 26 id. 637; *Merriam v. Field,* 24 id. 640; *Hahn v. Doolittle,* 18 id. 196; *Ballston Spa Bank v. Marine Bank,* 16 id. 120; *Frey v. Vanderhoof,* 15 id. 401; *Rearich v. Swinehart,* 51 Am. Dec. 540. Where a verbal promise is made by one party which operates as an inducement to the other contracting party to enter into a written contract, it must be performed, and parol evidence is admissible for the purpose of proving it. *Welz v. Rhodius,* 87 Ind. 1; *Cullmans v. Lindsay,* 114 Pa. St. 166; *Walker v. France,* 17 Weekly Notes Cas. 313; *Jones v. Hardesty,* 32 Am. Dec. 180; *Greenawalt v. Kohne,* 85 Pa. St. 369; *Barclay v. Wainwright,* 86 id. 191; *Campbell v. McClenachan,* 6 Serg. & R. 172; *Powelton C. Co. v. McShain,* 75 Pa. St. 238; *Weaver v. Wood,* 9 id. 220; *Oliver v. Oliver,* 4 Rawle, 141; *Juniata B. & L. Asso. v. Hetzel,* 103 Pa. St. 507. Exhibit A does not purport to contain the entire agreement between the parties. The promises made to the plaintiff are not such as would naturally enter into such an instrument, and may be considered as ulterior and collateral thereto. Where the instrument does not purport to contain the entire agreement, or there is a collateral agreement not embraced therein, parol evidence is competent to show the omitted parts, whether contemporaneous or antecedent. Browne, Parol Ev. 125, § 50, and cases cited. The incom-

pleteness of the instrument need not be manifest. 1 Greenl. Ev. § 284a; Browne, Parol Ev. 126. In the following cases agreements to purchase land were brought within the rule admitting parol evidence to show a collateral agreement: *Campbell v. McClenachan*, 6 Serg. & R. 172; *Perrine v. Cooley's Ex'rs*, 39 N. J. Law, 449; *Allen v. Pink*, 4 Mees. & W. 140; *Wendlinger v. Smith*, 75 Va. 309; *Fusting v. Sullivan*, 41 Md. 162; *Paul v. Owings*, 32 id. 402; *Pym v. Campbell*, 6 El. & B. 370; *Wallis v. Littell*, 11 C. B. (N. S.), 369.

CASSODAY, J. If the parties ever made such a parol contract as is alleged in the complaint, it was, to say the least, a very remarkable one. Whether such a contract, even had one been made in writing, could have been enforced, is very questionable.

On the trial, after the court had overruled a demurrer *ore tenus* and the plaintiff had been sworn and partially examined, he was, by leave of the court, examined by the defendant's counsel, and testified to the effect that the written contract (Exhibit A, dated May 21, 1891) shown to the plaintiff, and afterwards put in evidence, was the contract received by the plaintiff from the defendant; that it was made and delivered after all the plaintiff's conversation with the defendant, and after the plaintiff had paid to the defendant his money thereon; and that there was no other contract made after that between the plaintiff and defendant. Thereupon the defendant objected to any further testimony relative to a verbal contract made prior to the written one. The objection was overruled, and the plaintiff gave parol testimony tending to prove the allegations of his complaint. On cross-examination he testified to the effect that all of the conversation which he had related in court was had with the defendant's superintendent before the written contract was signed and delivered; that

the superintendent made the contract with him, and that Exhibit A was the contract the defendant gave him. By the written contract the defendant, in effect, acknowledged that it had received $75 from the plaintiff, in consideration of which it had thereby given to him permission to enter upon the lot described and erect thereon a two-story frame store building to cost not less than $1,000, to be well built and painted and completed within sixty days from that date; and upon such completion the defendant therein agreed in effect to sell the lot to the plaintiff for $750, and apply the $75 as so much paid thereon, and thereupon to convey the premises to the plaintiff, taking back security for the deferred payments, which were to be made with interest as therein stated; and the building was to be insured by the plaintiff in the sum of $800 for the benefit and better security of the defendant.

Manifestly the written agreement covered the entire contract of sale on the part of the defendant. There is no pretense of any fraud or misrepresentation on the part of the defendant of any existing fact. The rule is firmly settled in this state to th⸗/ effect "that, in the absence of fraud or mistake, proof of antecedent or contemporaneous verbal agreements between contracting parties cannot be received to alter or control their written agreement." *Herbst v. Lowe,* 65 Wis. 320; *Andrews v. Youmans,* 78 Wis. 58; *Ball v. McGeoch,* 81 Wis. 171. Because the court admitted evidence tending to prove such antecedent and contemporaneous verbal agreements the judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.