## ·J. F. BYARS ET AL. V. SALLIE BYARS.

### No. 1314.

**1. Deed—Parol Evidence Varying Consideration.**

Where a deed is absolute in terms and recites a consideration paid in cash, parol evidence cannot, in an action to cancel the deed, be admitted to show that the real and only consideration was a promise and agreement by the grantee that he would care for and support the grantors (his parents) in their old age, should their necessity so require, and that his subsequent death had made compliance with the agreement impossible.

**2. Same—Condition Subsequent.**

In the absence of fraud or mistake, parol evidence is not admissible to convert a deed absolute in form and legal effect into one resting upon and dependent on conditions subsequent, thereby changing the character of the estate conveyed.

**3. Community Property—Onerous Consideration.**

Where a deed is made to the husband during coverture upon the consideration that he will support the grantors in their old age, the title of the land conveyed vests as community property of ·the husband and wife.

APPEAL from Brown. Tried below before Hon. J. O. WOODWARD.

*O. R. Sholars,* for appellants.

No brief for appellee reached the Reporter.

FISHER, CHIEF JUSTICE.—*Statement of Case.*—Appellants, plaintiffs below, sued appellee in trespass to try title for ˙one hundred acres of land situated in Brown County, and also for cancellation of a certain deed executed by appellants to their son, M. J. Byars, deceased, the husband of appellee, conveying to him the land in controversy May 12, 1890. The deed recites a cash consideration of $1250, paid by M. J. Byars to his grantors. Appellants, as grounds for relief, aver that the consideration stated in the deed was not in fact paid, and is not the true consideration for the execution and delivery thereof, but · it was executed and delivered in consideration and upon the condition that their son, M. J. Byars, should care for and administer to the wants of appellants in their old age as their conditions and necessities might require, and that M. J. Byars died on July 21, 1893, and up to the time of his death, and after, he nor any one for him, has ever contributed towards the support of appellants, or administered to their several wants, but, upon the contrary, the appellants, before his death and since, are not aged or decrepit, and were not in need of the services and aid of the said M. J. Byars, and the circumstances have not arisen that called for the execution of the consideration upon the part of said M. J. Byars, and that by reason of his ·death it has become impossible for him to comply with the conditions upon which the deed was executed, and therefore the consideration thereof has wholly failed, that his estate is insolvent, and there is no administration thereon, and no necessity for any.

The defendant, in her answer, pleaded not guilty, and that she was law-

fully married to M. J. Byars in the month of March, 1890, and that the land in controversy was, before the death of her husband, their homestead, and that it was and is occupied as such, and that she has no other homestead. That the consideration for said deed has been fully paid. She also plead the three years statute of limitations.

The case was tried before the court, and judgment rendered in favor of appellee, that appellants take nothing by their suit.

We find the following as the facts in the case: The land in controversy was the property of appellants, J. F. and Sarah C. Byars, husband and wife, before they conveyed to M. J. Byars. May 12, 1890, they conveyed by a general warranty deed the land in controversy to their son, M. J. Byars. The deed expressed a consideration of twelve hundred and fifty dollars cash in hand paid by M. J. Byars. There is no other consideration stated or expressed in the deed, nor is there any reservation of title upon any condition whatever there stated, but the deed is in form an absolute and unconditional conveyance of the fee in the land.

M. J. Byars was the son of the grantors of said deed, and he died intestate, July 21, 1893, and left surviving him appellee, his wife. There are no surviving children of M. J. Byars and wife; no adminstration upon his estate, and no necessity for any. The estate is insolvent. The appellants, the grantors in the deed to M. J. Byars, were not needing his assistance during his life time nor since, nor are they decrepit or of such age as to need help. J. F. Byars at time of trial was 65 years of age, and his wife, Sarah 60 years of age. M. J. Byars, before his death, stated and admitted to witness, Bid Byars, that the consideration for the conveyance in question was that he was to take care of and look after J. F. and Sarah Byars, and to contribute to their necessities in their old age if it ever became necessary. This evidence is not contradicted, except in so far as a contradiction may arise from the face of the deed in question. There is no express evidence showing that appellee and her deceased husband were married before the deed in question was executed in May, 1890, but the appellee alleges that they were married in March, 1890, and as there is no question raised on this point, and as the judgment below was not questioned for this reason, and as the allegation as to the time of her marriage is not questioned, and as the plaintiffs also allege the marriage, and as the burden was upon them to show facts that authorized a recovery, we will treat the appellee as being married to her deceased husband prior to the date of the deed in question.

*Opinion.*—There are several assignments of error based upon the refusal of the court to admit parol evidence tending to prove the consideration for the conveyance and the condition upon which it was executed as alleged by the appellants. The effect of this evidence, if admitted, would be to show that the consideration was that the grantors in their old age, if it became necessary, should be cared for and supported by the grantee, and that this was solely the consideration and condition upon

which the deed in question was executed. It will be seen from the facts as stated, that some evidence upon this point was admitted. It will be observed that the effect of this evidence would be to destroy by parol the recital of fact stated in the instrument concerning the consideration, and substitute therefor not only an entirely different consideration, but, in addition, engraft upon a conveyance absolute and unconditional in form a lesser estate that was dependent upon conditions subsequent that may defeat the legal effect of the deed upon the happening of the contingency stated in the evidence.

The questions to be determined are, can a deed absolute in form, where fraud or mistake are not the bases for relief against its express terms, be controlled or defeated in its legal effect by parol evidence that tends not only to show a failure of consideration, or a different consideration than that recited, but, in addition, establishes facts that show contractual obligations resting upon the grantee the non-observance of which may defeat the estate,—these obligations being in the nature of conditions subsequent, which, upon failure to perform, may entitle the grantors to assert this fact in order to defeat the estate conveyed by the deed?

If the question before us was one in which the purpose was solely to explain by parol evidence that part of the deed that acknowledges the receipt of a given sum as the consideration for its execution (Pool v. Chase, 46 Texas, 210; Glenn v. Matthews, 44 Texas, 406), or to create a trust upon the legal estate (Clark v. Honey, 62 Texas, 411), or, in order to preserve the equity of redemption, establish that the instrument was a mortgage (McLean v. Ellis, 79 Texas, 399; Eckford v. Berry, 28 S. W. Rep., 937), we would, in order to be in accord with precedent, hold that a deed absolute may be explained in this manner. But this is not such a case, for here the evident effect of the parol evidence offered would be to establish a state of facts which, in effect, show a contract between the parties entirely different from that disclosed by the deed, and which would convert the absolute estate to a title held upon conditions. Although many cases may be read in which the general rule that forbids parol evidence to explain or defeat the legal effect of a written contract has been relaxed in many instances, or which have established exceptions to the general rule, we have found no authoritative decision emanating from the courts of this State that permits parol evidence, in the absence of fraud or mistake, to convert an estate created by deed absolute in form and legal effect into one resting upon and dependent on conditions. The following authorities, expressly and by analogy, maintain this proposition: Railway v. Pfeuffer, 56 Texas, 72; Railway v. Garrett, 52 Texas, 138; Coal Co. v. Lawson, 31 S. W. Rep., 846; Scarborough v. Alcorn, 74 Texas, 362; Eckford v. Berry, 28 S. W. Rep., 937; Hubby v. Harris, 68 Texas, 94; Wooters v. Railway, 54 Texas, 299; Heffron v. Cunningham, 76 Texas, 319; Weaver v. City of Gainesville, 1 Texas Civ. App., 286; Faires v. Cockrill, 31 S. W. Rep., 191; Belcher v. Mulhall, 57 Texas, 19; Gillespie v. Brown, 30 S. W. Rep., 449; 2 Devl. Deeds, sec. 976; 1 Devl.

Deeds, sec. 314; Marshall County High School Co. v. Iowa Evangelical Synod, 28 Iowa, 161; Magee v. Allison, 63 N. W. Rep., 324; Mattison v. Railway, 60 N. W. Rep., 925; Caulfield v. Hermann, 30 Atl. Rep., 52; Adams v. Watkins, 61 N. W. Rep., 775; Beecher v. Dunlap, 38 N. E. Rep., 795; Custeau v. Improvement Co., 88 Wis., 311.

A condition subsequent is one that operates upon an estate already created and vested, which, if not performed, may be defeated at the election of the grantor, provided he re-enters within a reasonable time after default, or asserts his rights in an equivalent manner. Wiederanders v. State, 64 Texas, 140; 6 Am. & Eng. Encycl. Law, 900-905. And it is held that timely suit is equivalent to re-entry. Railway v. Dunman, 74 Texas, 267.

It is at times difficult to distinguish a condition subsequent from a mere covenant, and owing to the general disfavor with which conditions subsequent are regarded, cases may be found which hold such conditions to be covenants, not upon any process of reasoning that is at all satisfactory or consistent with the evident intention of the parties, but clearly in deference to a rule that, if it is possible to hold otherwise, an agreement will not be declared a condition subsequent. It is true the parol evidence shown by the record and thus offered and excluded does not expressly provide for a forfeiture of estate in the event of a failure to comply with the conditions and consideration upon which it was conveyed. Berryman v. Schumaker, 67 Texas, 312. But we think that the effect of the evidence would be to show that the deed was executed upon the condition that subsequently thereto the grantee should care for and support the grantors if it became necessary. The effect of this would be, if it was the sole consideration upon which the deed rested, and which it was the purpose of that evidence to show, to create an estate in the grantee subject to be defeated if the condition was not complied with, and this evidently was the theory upon which the plaintiffs in this case based their right to recover. Consequently, the result would be an estate upon conditions subsequent. Jenkins v. Jenkins, 3 T. B. Mon., 327; Leach v. Leach, 58 Am. Dec., 642; Sharon Iron Co., v. City of Erie, 41 Pa., St., 349; Berryman v. Schumaker, 67 Texas, 313; Johnson v. Gurley, 52 Texas, 226; Wilson v. Wilson, 86 Ind., 473-474.

Holding as we do that the effect of this evidence would be, in the face of the absolute deed, to create an estate resting upon conditions subsequent, we are of the opinion that the parol evidence offered for this purpose and refused, and that that was admitted, could not be considered in order to change or destroy the legal effect of the conveyance in question.

But, independent of this view of the question, if the effect of this evidence would be not to establish a condition subsequent, but only a covenant growing out of the promise of the son to support and care for his parents, then it is clear that the appellants could not in this suit recover in the form in which they have brought their action, but their remedy would be in damages for a breach of the covenant, and not to recover the estate. Thornton v. Tramwell, 39 Ga., 202; Woodruff v.

Water Power Co., 10 N. J. E., 489-508; Johnson v. Gurley, 52 Texas, 226.

It remains only to determine whether the estate conveyed by the deed to M. J. Byars was his separate property, or of the community estate of himself and wife. As said in stating the facts, there is no direct evidence showing that he and the appellee were married before the execution of the deed, but for the reasons stated in the finding on this issue of fact, we treat them as married at the time the conveyance in question was executed. The presumption is that a conveyance to either husband or wife during marriage, is an acquisition in right of their community interest, unless it otherwise appears from the face of the deed, or evidence to that effect. Admit that parol evidence was admissible to show the consideration in order to determine if the property belonged to the community estate, or separate estate of the husband, and consider that that was offered was for this purpose, still we must hold that the estate was acquired during marriage by onerous title. The deed when executed conveyed title, the consideration of which was, or may have been, the promise of the grantee to perform something that must result from the labor and attention of the husband during marriage. The law is that whatever thus arises from that source—the labor of either husband or wife—is the property of the community. These views relieve us of passing on other questions raised.

Judgment affirmed.

*Affirmed.*