HELMKE v. UECKER.

(Court of Civil Appeals of Texas. Austin. Nov. 26, 1913.)

1. BILLS AND NOTES (§ 94*)—CONSIDERATION —DEBT BARRED BY LIMITATION.

A previous debt, though barred by limitation, was a sufficient consideration for the execution of a new note to the extent that it was given for such indebtedness.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–181, 185–189, 192, 193, 196–198, 200, 202–207, 212; Dec. Dig. § 94.*]

2. CHATTEL MORTGAGES (§ 241*)—CANCELLATION—DESTRUCTION OF NOTE.

Where the holder of a note for $240 secured by a chattel mortgage verbally agreed that, if the mortgagor executed a note for a larger amount in consideration of the surrender of the smaller note and the cancellation of the mortgage, the mortgagor's execution and delivery of the larger note, without more, canceled the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 503, 504; Dec. Dig. § 241.*]

3. CHATTEL MORTGAGES (§ 241*)—COVENANT TO CANCEL.

In such case, if the action of the parties did not amount to a present cancellation of the mortgage, it was a covenant on the part of the mortgagee to cancel it in the future, which the mortgagor could enforce in a suit on the mort-

gage note, or for breach of which he might recover damages.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 503, 504; Dec. Dig. § 241.*]

4. CHATTEL MORTGAGES (§ 241*)—FORECLOSURE.

Where a debt evidenced by a note for $240, secured by a chattel mortgage, was merged in a larger note executed by the mortgagor, without any agreement to release the chattel mortgage, the mortgagee would be entitled to judgment for the principal of the larger note, with foreclosure of the chattel mortgage to the extent of the debt represented by the $240 note.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 503, 504; Dec. Dig. § 241.*]

Appeal from District Court, Comal County; Frank S. Roberts, Judge.

Action by Heinrich Helmke against Herman Uecker. Judgment for plaintiff for less than the relief claimed, and he appeals. Reversed and remanded for new trial.

H. M. Wurzbach, of Seguin, and Martin Faust, of New Braunfels, for appellant. E. E. Fischer and James Harley, both of Seguin, for appellee.

JENKINS, J. This is a suit to recover upon a note for $659.20, executed by appellee in favor of appellant.

According to appellee's testimony, on October 2, 1912, he was indebted to appellant in the sum of $240 principal and $19.20 interest, represented by his note, and secured by a chattel mortgage, and also the sum of $480 principal, with interest for some nine or ten years, which latter amount was barred by the statute of limitation. Being unable to pay the $240, he made an agreement with appellant that he would execute his note due January 1, 1913, for $659.20, which note was to include the $259.20 due on his note and $400 of the old indebtedness, in full satisfaction of the old indebtedness and of the chattel mortgage, the appellant agreeing to surrender the $240 note, and to cancel and to deliver to him the chattel mortgage; that in pursuance of this agreement he executed the note herein sued on for $659.20; that appellant destroyed in his presence the $240 note, but has never canceled nor delivered to him the chattel mortgage; and that the bringing of this suit to enforce said mortgage is a breach of the contract on the part of appellant, for which reason the consideration for the execution of the note sued on has failed to the extent of $400 thereof.

According to appellant's testimony, appellee, on October 2, 1912, was indebted to him in the sum of $791.20, besides some interest on $532 of such amount, none of which was barred by limitation; that $240 principal and $19.20 interest of said indebtedness was represented by a note secured by the chattel mortgage herein sought to be foreclosed; that on said date he agreed with plaintiff to

give him $132 of said indebtedness, and take his note due January 1, 1913, for the remainder, $659.20; that nothing was said about the chattel mortgage; that he complied with his part of said agreement. The parties hereto are brothers-in-law.

The court instructed the jury as follows: "If you believe from the evidence that defendant renewed the $240 note due plaintiff and secured by a mortgage lien described in the pleadings, and at the time he did so he executed the note for $659.20 as a renewal for said $240 and interest thereon, and as a renewal of the old indebtedness barred by limitation to the amount of $400, but that he did so upon the express condition and promise upon the part of the plaintiff that he (the plaintiff) would release and cancel said mortgage lien on the property theretofore given to secure payment of said $240 note, and you further find that plaintiff did promise to cancel said mortgage lien, and, in consideration of that promise, the defendant renewed or promised to pay the old indebtedness of $400, and that said $400 was merged with the $240 note, and that said note for $659.20 was so executed, and that the plaintiff did not and has not canceled and released said mortgage, then the plaintiff would not be entitled to recover from the defendant the said $400 included in said note, and, if you so find and believe from the evidence, you will return a verdict for the plaintiff in the sum represented by the $240 note, together with interest and attorney's fees, and for foreclosure of said mortgage lien, and so state in your verdict."

The jury returned the following verdict: "We, the jury, find plaintiff entitled to the sum represented by the $240, together with the interest and attorney's fees, and for foreclosure of said mortgage lien." Judgment was entered in accordance with said verdict, from which plaintiff in the court below has appealed.

Without taking them up seriatim, we dispose of the propositions and counter propositions of appellant and appellee as follows:

[1] 1. The previous debt, though barred by limitation, if such was the fact, was a sufficient consideration for the execution of the new note to the extent that the same was given for such indebtedness. Burnham v. McMichael, 6 Tex. Civ. App. 496, 26 S. W. 888.

[2] 2. If, in pursuance to a previous verbal agreement that appellee would execute the note herein sued on in consideration of the cancellation and surrender of the $240 note, and the cancellation of the mortgage securing the same, and the promise to pay $400 of a previous existing debt, appellee executed and delivered to appellant the note herein sued on, and appellant destroyed the $240 note, without anything further being said about the mortgage, such action operated as a cancellation of the mortgage at said time, and ap-

pellee, upon proper pleading, was entitled to have it so decreed in the judgment herein.

[3] 3. If it could be held under appellee's testimony that the action of the parties did not amount to a cancellation of the mortgage in eo presenti, then it was a covenant on the part of appellant to cancel same in the future, which appellee, under proper pleading, would be entitled to have enforced, in this suit, or for breach of which he might recover damages, if any he has suffered thereby. Johnson v. Gurly, 52 Tex. 226; Byars v. Byars, 11 Tex. Civ. App. 565, 32 S. W. 926.

[4] 4. If the facts should be found as claimed by appellant, viz., that the debt evidenced by the $240 was merged in the note sued on, but without any agreement to release the chattel mortgage, appellant will be entitled to judgment for the principal, interest, and attorney's fees of the note sued on, with foreclosure of the chattel mortgage to the extent of the debt originally represented by the $240 note and interest thereon.

For the reasons indicated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

Reversed and remanded.