### KENNEDY v. FOREMAN et al.
### No. 3214.

Court of Civil Appeals of Texas. El Paso.
June 6, 1935.

Rehearing Denied June 27, 1935.

©=6

Thomas Shearon and Perkins & Perkins, all of Rusk, for appellant.

Guinn & Guinn, of Rusk, for appellees.

HIGGINS, Justice.

James, Ollie, and Leon Foreman, the latter a minor suing by next friend, brought this suit against Lucindy Kennedy, to recover an 11¾-acre tract of land in the city of Rusk, and rents.

The land was owned by Richard Foreman, father of plaintiffs, and was occupied by him as a home until his death on April 18, 1931. By his will, dated May 29, 1928, the deceased devised a life estate in the land to his father, Newton Foreman, with remainder to his children, the plaintiffs herein. Newton Foreman was appointed independent executor, and qualified as such. The will also appointed Newton Foreman guardian of the plaintiffs. At the time of Richard Foreman's death, Ollie and Leon Foreman were minors, aged 19 and 16 respectively. At that time and ever since they have occupied and used a part of the land as their home. E. M. Moseley recovered a judgment for $57.95, with interest, against Newton Foreman in his representative capacity. Execution issued and the land sold thereunder to Lucindy Kennedy on December 6, 1932, for $77.54, which was the amount due upon the judgment and costs. The debt to Moseley was the only one owing by the estate of Richard Foreman. The land and improvements were worth $1,500. On the date of the sale, Lucindy Kennedy leased to Newton Foreman for $1 for the term of a year all of the land except two acres out of the southeast corner upon which two rent houses are located. The plaintiffs have continued to live upon the portion leased. On December 2, 1933, Newton Foreman conveyed to plaintiffs all his interest in the estate of the deceased and also assigned all claim he had against Lucindy Kennedy. Since December 6, 1932, Lucindy Kennedy has collected $175 rents upon the two houses in the southeast corner of the land.

The 9th section of the finding of fact by the trial court reads: "9th. I further find that Newton Foreman, on the 2nd day of December, 1933, (and after the property described in the plaintiffs' original petition had been advertised by the Constable for sale under the judgment obtained in Justice Court of Precinct No. 1, Cherokee County, Texas, in favor of E. M. Moseley, and before said property was sold by said Constable) Newton Foreman, Independent Executory of the estate of Richard Foreman, deceased, agreed to and with Lucindy Kennedy that Lucindy Kennedy would purchase the lands involved in this suit for the estate of

Richard Foreman, deceased, and for Newton Foreman, Independent Executor of the estate of Richard Foreman, deceased, which agreement was made and agreed to by and between Newton Foreman and Lucindy Kennedy, before the sale by the Constable and it was further agreed that Lucindy Kennedy should make the purchase of the property, take the deed in her name until she had been paid back the amount of purchase money paid to the Constable with interest and at which time Lucindy Kennedy would have no further interest in the property. I further find that it is a fact that the property was purchased by Lucindy Kennedy for the use and benefit of the estate of Richard Foreman, deceased, I further find it a fact that the property was reasonably worth the sum of Fifteen Hundred ($1,500.00) Dollars at the time that Lucindy Kennedy became the purchaser of the property at the execution sale for a consideration of Seventy-seven Dollars and Fifty-four cents. I further find it a fact that Lucindy Kennedy agreed to and with Newton Foreman that Newton Foreman would redeem this property at any time within 12 months from December 6th, 1932, by the payment of $77.54 with interest to date of payment, and that the property should be the property of the estate of Richard Foreman, deceased. I further find as a fact that on the 8th day of November, 1933, the plaintiffs offered to Lucindy Kennedy the full amount of the purchase price as well as all taxes paid by Lucindy Kennedy together with interest upon the total amount at the rate of ten per cent. per annum less rents which had been paid to Lucindy Kennedy from said property but that Lucindy Kennedy refused to accept this amount of money and refused to execute any deed to plaintiffs herein and/or to Newt Foreman."

Judgment was rendered in favor of the plaintiffs for the land and $49.28, which sum represents the difference between the rents collected by the defendant and the amount she paid for the land at the execution sale plus taxes paid by her and interest on said amounts.

### Opinion.

It is unnecessary to consider the questions discussed in the briefs arising out of the homestead character of that part of the land used and occupied as a home by Richard Foreman and his children before his death, and by the children after his death.

The defendant testified:- "I agreed with Newton Foreman on the morning of the sale that I would buy the property and sell it to him any time within one year for the amount of my bid with ten per cent. interest. I never agreed that he would have any rents but that he could continue to occupy the house on the place where he was then living for the term of one year rent free, but it was agreed that I was to have immediate possession of the two small houses and retain all rents paid on them. I was not to account for the rents collected on these two houses."

There is no controversy over the fact that defendant agreed to buy the property at the execution sale, and that Newton Foreman had the right to redeem the same in one year upon payment of the amount bid with interest at the rate of 10 per cent. The only disputed issue of fact was whether the defendant would be entitled to the rents collected. The defendant's version is that she was not accountable therefor, while according to Newton Foreman's testimony he had the right to redeem upon paying the amount bid with interest as stated.

The evidence sustains the ninth section of the findings of fact. The assignment attacking the same is overruled.

The transaction was evidently intended by the parties as a conditional sale or a mortgage. The controlling factor in the determination of the true character of the transaction is the intention of the parties. 29 Tex. Jur. Title Mortgages, § 22.

If, upon consideration of the whole case, it appears that the real purpose of the transaction was to secure the payment of a debt, the transaction will be held to be a mortgage rather than a conditional sale. Eckford v. Berry, 87 Tex. 415, 28 S. W. 937.

The conclusions of law by the learned trial judge disclose he was of the opinion the effect of the agreement was to create a mortgage. Upon consideration of the whole evidence, we are of the opinion this conclusion was warranted. Such conclusion is sustained.

Defendant was thus in the position of a mortgagee in possession of the rent houses. As such, she was accountable for the

rents collected by her. 19 R. C. L. Title Mortgages, § 108. If, in fact it was agreed that she was to retain the rents, then such agreement rendered the contract usurious.

Therefore, the tender by Newton Foreman on November 8, 1933, was sufficient.

It follows the judgment should be affirmed. It is so ordered.