### SMITH et ux. v. KOENNECKE et al.
### No. 9398.

Court of Civil Appeals of Texas. San Antonio.

July 11, 1934.

N. T. Stubbs and V. B. Goar, both of Johnson City, and Arthur Stehling, of Fredericksburg, for appellants.

H. H. Sagebiel and Alfred Petsch, both of Fredericksburg, for appellees.

MURRAY, Justice.

The facts in this case are: On May 17, 1928, an instrument (dated April 17, 1928), in the form of an absolute deed, was signed and acknowledged by Tifney Smith and his wife, Davie Smith, purporting to convey 319 acres of land located in Gillespie county to Albert Koennecke. The consideration stated in the alleged deed was the assumption and agreement to pay, on the part of Albert Koennecke, of all Tifney Smith's indebtedness to the Bank of Fredericksburg, amounting to some $5,060.76, which indebtedness was evidenced by seven promissory notes, all of said indebtedness except $300 being secured by a lien on the land purporting to be conveyed by this instrument, and the further agreement to assume and pay a certain amortization note originally for the principal sum of $4,500, held by the Federal Land Bank of Houston.

On the same date Albert Koennecke signed an instrument wherein he agreed to execute a sales contract providing for a reconveyance of the 319 acres to the Smiths upon certain stipulations and requirements being met by them.

On the same date Albert Koennecke exe-

cuted a deed of trust to Alex W. Henke, trustee, for the benefit of the Bank of Fredericksburg, Unincorporated, on the 319 acres of land, securing his notes, which were executed and delivered by him to the bank to be substituted for the notes of Tifney Smith. The Tifney Smith notes, however, were not canceled or surrendered to the Smiths, but were found among the assets of the bank when a receiver was appointed in February, 1932.

On the 17th day of January, 1931, Albert Koennecke and his wife executed a warranty deed to the Bank of Fredericksburg conveying this 319 acres of land, in consideration of the notes given by them to the bank in payment of the Tifney Smith notes being canceled and surrendered to them.

The Bank of Fredericksburg was a partnership composed of Albert Koennecke, Adolph Gold, and others. It became insolvent and was placed in the hands of a receiver in February, 1932.

This trial was had in 1933, at which time both Albert Koennecke and Adolph Gold were dead, but it was agreed that all proper parties were before the court.

The suit was instituted by Tifney Smith and wife, appellants herein, against Albert Koennecke, Adolph Gold, the Bank of Fredericksburg, and all other interested parties, seeking to have the above-described deed executed by them canceled on the ground of fraud, or, in the alternative, to have it declared to be in fact only a mortgage. The defendants in the lower court, who are the appellees here, answered denying any fraud and contending that the deed was an absolute conveyance of the land and not a mortgage. D. J. Hoerster, who was at the time the receiver of the bank, asked for title and possession of the land.

The trial was before the court, without a jury, and after hearing the evidence the judge found in favor of the bank, its owners and legal representatives, and against Tifney Smith and wife, awarding the title and possession of the land to the bank.

Tifney Smith and his wife, Davie Smith, present this appeal.

As stated by appellants in their brief, this appeal presents but one main question, to wit: "Did the trial court err in holding the instrument from appellants to Albert Koennecke, dated April 17, 1928, (signed and acknowledged May 17, 1928) to be an absolute or unconditional deed and not a mortgage?"

We answer this question in the negative. The burden of proof was upon appellants to establish by clear, satisfactory, and convincing evidence that this deed was not what it purported to be on its face. Whether or not a deed, absolute on its face, is to be construed to be a mortgage is largely determined by the intention of the parties. In support of their contention that the instrument was intended as a mortgage, appellants offered evidence to the effect: That the property had a reasonable market value of as much as $16,000, while the consideration stated in the deed was $9,260.76; that the agreement to reconvey the property, simultaneously executed with the deed, does not contain a stipulation as to the time within which the land can be redeemed; that the notes described in the deed were never canceled and returned to appellant; that appellants were left in full possession of the land and no acknowledgment of tenancy was asked or promised; that appellants rendered the land for taxes in their own name and paid the taxes; that appellants paid certain installments that came due on the amortization note held by the Houston Land Bank; that the consideration stated in the deed was a pre-existing debt; and that when Tifney Smith was informed by D. J. Hoerster, receiver of the bank, that the bank was claiming title to the land, he at once took the matter up with the district attorney and appeared before the grand jury. All of this evidence had a bearing upon the intention of the parties but was not determinative of the matter.

On the other hand, the appellees point out: That by the terms of the deed Koennecke assumed the payment of all of Smith's debts and thereafter Smith was only secondarily liable; that on the same day notes were executed by Koennecke and delivered to the bank, thereby paying all of Smith's indebtedness to the bank, and that the reconveyance agreement provided in the event of a resale of the land to Smith he should execute new notes; that Smith had not in fact paid the taxes and payments due on the Houston Land Bank note, but the Bank of Fredericksburg had in fact advanced this money by honoring Smith's check drawn on the bank without funds on deposit in the bank to meet these checks; that the effect of the deed was fully explained to both Smith and his wife by the notary public who took their acknowledgment and that with full knowledge of its effect they both acknowledged such instrument to be their act and deed and Mrs. Smith stated that she did not wish to retract it; that the bank already had a lien against this land securing the payment of all of this indebtedness except $300, and there could be nothing

accomplished by the taking of another mortgage on the same land to secure the same indebtedness, and especially so in view of the fact that this land was the homestead of appellants, a fact apparently well known to Koennecke.

■ The trial judge, being the trier of facts in this case, probably had before him sufficient· evidence to find either way upon the question presented, and having found against the contention that this instrument was executed by the parties with the intention that it should operate only as a mortgage, and in favor of the contention that the deed, absolute in form, was just what it purported to be, and such finding being supported by evidence, this court is bound by the same and has no power to set it aside.

■ There is another reason why the decision of the trial court should be upheld. The consideration stated in the deed was contractual in nature and therefore evidence was not admissible to vary the terms of this written instrument, in the absence of a showing of fraud, mistake, or accident, and, as we understand the record, no evidence was offered to show that there was any other or different consideration for the instrument than that stated in the instrument itself. 14 Tex. Jur. p. 814, § 54.

■ It is also stated in 29 Tex. Jur. p. 807, § 15: "No question as to mortgage vel non is presented where the deed is unambiguous and recites a consideration for the conveyance."

■ According to the statement of the consideration in the deed, which was contractual in its nature, the debts theretofore existing between the bank and Smith were extinguished and there remained no debt which could be secured by a mortgage. It is said in 29 Tex. Jur. p. 810, § 17: "A debt being one of the essentials of a mortgage it is evident that the existence of a debt must be established by one who contends that a deed was intended to operate as a mortgage."

■ The agreement signed by Koennecke simultaneously with the execution of the deed was not an agreement to reconvey the land but an agreement to execute a sales contract and that the sales contract was to provide that if Smith would keep up certain interest payments, pay the taxes, and pay as much as $2,000 in addition thereto, he would then be entitled to a reconveyance of the land. The evidence does not show that Koennecke was ever asked to execute such a sales contract, or that appellants have in any way met the requirements which would entitle them to a reconveyance of, the property; therefore the trial court properly entered judgment vesting the title and the right of possession in the receiver of the bank.

Finding no error in the record, the judgment of the trial court will be affirmed.