## WRIGHT et al. v. RICHCREEK.
### No. 4450.

Court of Civil Appeals of Texas. Amarillo.
Sept. 16, 1935.

Rehearing Denied Oct. 7, 1935.

Charles H. Dean, of Dimmitt, for plaintiffs in error.

Cowsert & Cowsert, of Dimmitt, for defendant in error.

MARTIN, Justice.

The parties' will carry here the same designation as in the trial court.

Plaintiff sued defendants for the title and possession of a section of land in Castro county, Tex. Defendants answered by plea of not guilty, claiming that an absolute deed held by plaintiff to this land was in fact a mortgage.

The essential facts are: Defendants in 1929 received a deed to this land, which recited they took it subject to an indebtedness of $7,200 in favor of the Dallas Joint Stock Land Bank, and also subject to an indebtedness of $11,194 due plaintiff. Thereafter, a new contract was made between plaintiff and defendants, the reason assigned by plaintiff being:

"A. They pleaded for this proposition and I granted it; they were so in arrears in regard to their other contract and pleaded for a new contract.

"Q. I beg your pardon. A. They were so far behind on a former contract and said they couldn't continue and begged my mercy for this contract, and I granted it."

Accordingly, defendants conveyed this land to plaintiff by a deed which in part recited: "And the further consideration that the said F. O. Richcreek assume, obligate and pay off as it may become due, that certain indebtedness evidenced by one mortgage note due and payable to the Dallas Joint Stock Land Bank of Dallas, Texas, and being secured by a deed of trust dated October 15th, 1926, and of record in Volume ——, Page ——, Deed of Trust Records of Castro County, Texas, to which reference is herein made for more particular and detailed description and information concerning same; and the further consideration that the said F. O. Richcreek fully release, quitclaim and discharge that certain indebtedness now existing against the property herein conveyed being evidenced by one certain note in the principal sum of $11,194.00, executed by M. W. Burks, due and payable to F. O. Richcreek and being fully described in that deed from F. O. Richcreek and wife to M. W. Burks dated November 6th, 1926, and of record in Volume 32, page 574, Deed Records of Castro County, Texas, to which reference is herein made for more particular and detailed description and information, it being herein provided that acceptance of this deed by said F. O. Richcreek acknowledged full and complete satisfaction of said indebtedness and constitutes cancellation of the liens securing the payment of said note."

Contemporaneously therewith the parties executed a conditional sales contract on the crop payment plan, by the terms of which one-half of the proceeds of all crops grown should be applied on the purchase price of $17,540 for a period of ten years, and which contract contained the following clauses:

"The parties hereto agree that there is now four hundred acres of said land in cultivation, which second parties agree to keep in cultivation and that they will during the proper seasons of each year, plant said

land so broken and cultivated to some profitable grain crop or crops, all of which shall be done in a good and husbandlike manner and in accordance with the usual methods of farming as provided by good farmers in that community, and second parties further agrees and promises that they will continue to so do during each and every year that this contract remains in force, or until the full contract price as herein stated, shall have been paid in full, and that they will plant and cultivate said land during the entire term of this contract."

"Second Parties agrees to pay all taxes levied or assessed upon said premises, during the period of this contract."

"It is further distinctly understood and agreed that in case second party shall fail or refuse to keep and perform any covenant or covenants or condition or conditions or agreement or agreements herein provided for him to do or perform, then this contract shall (at the option of the said first party, his heirs or assigns), become null and void and all payments heretofore made to said first party shall be kept and retained by him as agreed damages, and possession of said property with all improvements placed thereon by second party, or their heirs or assigns, shall be re-delivered to said first party."

A deed from plaintiff to defendants was placed in a Canyon City bank, with a copy of said contract, to be delivered to defendants upon compliance by them with the terms of said contract. The trial was before the court. Its judgment was for plaintiff, and recites in part:

"The court further finds that the defendants, Ernest Wright and Ralph Wright, did fail and refuse to keep and perform the following covenants and conditions in violation of the terms and conditions of said contract in this, to-wit:

"That said defendants failed to farm said land in accordance with the usual methods of farming, in a farmer-like manner, as practiced by good farmers in the community where said land is situated; that said defendants produced a crop on said land for the years of 1931 and 1932, but they failed to deliver to plaintiff one-half of such crops, or to pay one-half of the proceeds of such crop to the plaintiff; that said defendants failed to pay the taxes on said land for the years of 1931 and 1932; and the court further finds that failure of the said defendants to comply with the said terms and conditions of said contract, that the plain-

tiff has terminated said contract, and that the said contract is, therefore, null and void."

The contention of defendants that the first deed mentioned above was in fact a mortgage, and therefore judgment should have been for them, is based in most part upon scattered excerpts from plaintiff's testimony, some of which are:

"Q. And you have this deed from them to you then merely as security for this $17,500.00, isn't it, Mr. Richcreek, from Ernest and Ralph Wright to you? A. I presume you could consider it as security.

"Q. Merely as security? A. If they failed to comply with the contract I thought I had my property back. I didn't think any of this * * *

"Q. And you are holding that just as security for this indebtedness? A. I consider it my property.

"Q. Well, I'm not asking you what you consider. A. I am holding it.

"Q. For security? A. To secure my property.

"Q. To secure that indebtedness as you stated a moment ago, is that right? A. To secure that indebtedness.

"Q. That they owed to you? A. When the indebtedness was paid I would gladly give the deed. I would do it today if they would give me the $17,500.00.

"Q. You are ready for them to have the deed when the indebtedness is paid then? A. Yes, sir; I would, gladly."

█ We are of the opinion that the evidence as a whole clearly raised the issue, if indeed it did not conclusively show, that the defendants, being unable to pay the indebtedness against their land, desired and secured a new contract of purchase on the crop payment plan, which contained the conditions set out above, and which the trial court found were breached. The evidence sustained the court's findings. The defendants agreed in writing to repurchase this land for a consideration of $17,540 upon the conditions above named. There is no room for doubt about this. The court's findings of a breach of these conditions is binding here, there being sufficient evidence to support such.

█ The entire transaction clearly shows that the consideration for the deed from defendants to plaintiff was the execution of the conditional sales contract mentioned above, which was thought by defendants at the time to be advantageous to them. The

written unambiguous instruments evidencing the transaction is wholly at variance with defendants' theory. The plaintiff had canceled his former indebtedness against the land. Moreover, defendants never personally owed this debt. There then existed no debt, owing plaintiff, which the deed could have secured. This is one of the absolute essentials of a valid mortgage. Hill v. Stampfli (Tex. Civ. App.) 284 S. W. 237, 244; 29 Texas Jurisprudence, p. 810; Smith v. Koennecke (Tex. Civ. App.) 73 S.W.(2d) 933. The indebtedness of $17,-540 for purchase money was a creature of the conditional sales contract, and the terms of such contract are binding on defendants. They cannot accept its benefits and reject its burdens.

Judgment affirmed.