**ELDER et ux. v. WEHMEYER et al.**

**No. 11026.**

Court of Civil Appeals of Texas.
San Antonio.

Oct. 15, 1941.

Rehearing Denied Nov. 12, 1941.

C. C. Carsner, C. C. Carsner, Jr., and Edw. C. Thomas, all of Victoria, for appellants.

Carey Legett and R. H. Hamilton, both of Port Lavaca, for appellee.

**MURRAY, Justice.**

This is a trespass to try title suit instituted by appellants, J. A. Elder and wife, Mary Elder, against appellees, Irvin J. Wehmeyer, Netta Wehmeyer, J. B. Moore and First State Bank of Port Lavaca, Texas, seeking to recover 127½ acres of land situated about six miles north of Port Lavaca and fronting on Lavaca Bay.

Judgment was rendered that appellants take nothing, based upon jury findings made in response to special issues submitted.

Appellants' first contention is that the deed, absolute on its face, executed by them on the 6th day of December, 1926, to J. B. Moore, is shown as a matter of law to be a mortgage upon their homestead when construed in connection with the written agreement contemporaneously executed by the same parties, and that the trial court erred in admitting parol evidence to show the intentions of the parties.

We overrule this contention. If, in fact, the two instruments are unambiguous and are to be construed together as a matter of law, without being varied in any way by parol evidence, then they show a conditional sale of the 127½ acres of land and not a mortgage. The deed is absolute in form and is in every respect a warranty deed.

The written agreement is a lease contract whereby the grantors in the deed lease the 127½ acres from the grantee for a period of one year, agreeing to pay as rent one-third of the grain and one-fourth of the cotton. The third paragraph of the lease contract provides, in effect, that the parties shall have one year from the date of the deed to redeem the land by paying to the grantee an equal amount of money paid by him with 8% interest.

■ Appellants did not redeem the land within the one-year period allowed, and the conveyance thereafter became an absolute sale of the 127½ acres of land. McMurry v. Mercer, Tex.Civ.App., 73 S.W.2d 1087; Wright v. Richcreek, Tex.Civ.App., 86 S.W.2d 478.

■■ However, if the deed and agreement do not show a conditional sale as a matter of law, but present some ambiguity, then the trial court' properly admitted parol evidence on which the jury have found, in effect, that after the deed, dated December 6, 1926, was executed and delivered by appellants to J. B. Moore no further debt existed between them and the First State Bank of Port Lavaca. If no debt existed there could be no mortgage. Callaway v. Snead, Tex.Civ.App., 33 S.W. 2d 552; Smith v. Koennecke, Tex.Civ.App., 73 S.W.2d 933; Wright v. Richcreek, supra; McMurry v. Mercer, supra.

■ The evidence being conflicting as to the intentions of the parties in executing the deed and agreement, we are bound by the finding of the jury.

The conclusions we have expressed above render it unnecessary to determine whether or not Irvin J. Wehmeyer was an innocent purchaser of the land.

The judgment is affirmed.