## J. M. ECKFORD ET AL. V. W. BERRY ET AL.

### No. 227.

**1. Mortgage—Conditional Sale—Parol Evidence.**

Where the form of the instrument evidences an absolute conveyance, or a conditional sale, or where from the face of the instrument it does not clearly appear that the real purpose of its execution was to secure the payment of a debt, parol evidence is admissible to show the real purpose of the transaction ...................................................... 421

**2. Same.**

Where from the face of the instrument it clearly appears that the purpose of the transaction was to secure the payment of a debt, the court of equity would hold it to be a mere security without any parol evidence. In such cases neither the debtor nor the creditor has ever been permitted to introduce parol evidence to show the instrument to be other than it purports to be on its face..................................................... 421

**3. Parol Evidence to Show Equity.**

Parol evidence is not admissible to contradict or vary the terms of a written instrument, except in cases where equity sets aside the general rule of evidence for the purpose of allowing the parties to show that the real transaction was the securing of a debt....................................... 422

**4. Instrument Construed—Mortgage.**

See instrument held to evidence on its face a mortgage. It was not error to exclude parol testimony tending to show otherwise..................420, 422

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Dimmitt County.

The opinion gives a full statement of the case.

*James Raley*, for plaintiff in error.—The clause in issue in this suit is as follows, in the beginning of the deed: "That I, John Eckford, party of the first part, in consideration of the sum of seven hundred dollars to me in hand paid, before the signing and delivery of these presents, by E. Gordon, of the county of Bexar, State of Texas, which said sum of seven hundred dollars, together with interest thereon at the rate of ten per cent per annum from date, shall be refunded by this vendor to the said E. Gordon, or her heirs, executors, or administrators, on or before the 1st day of June, A. D. 1884, when this deed shall become null and void, otherwise to remain in full force and effect, have granted, bargained, and sold," etc.

The court found that this instrument was a conditional sale and decreed that the title should be quieted in plaintiff.

The court erred in holding that the instrument filed with plaintiff's petition was a conditional sale and not a mortgage.  68 Texas, 95; 80 Texas, 317; 61 Texas, 233, 238; 60 Texas, 189; 52 Texas, 453; 71 Texas, 754; 15 Am. and Eng. Encyc. of Law, 780, 781; Soell v. Hadden, 85 Texas, 184.

From the above authorities we are able to extract a few elements that are absolutely essential to a mortgage, and do not exist in a conditional sale, and these elements are plain and prominent in this mortgage.

1. There must always, in case of a mortgage, be a debt.  Hence a debtor and creditor.  The language of the instrument is:  "Which said sum of seven hundred dollars, together with interest thereon at the rate of ten per cent per annum from date, shall be refunded by this vendor."  This is a plain agreement to pay the $700 with interest. It makes a debt, a debtor, and a creditor.

2. There must be a right to get a personal judgment for the money. This right on the above promise of John Eckford is just as clear as if he had given a promissory note.

The plaintiff could have got a personal judgment and sold the land or any other property under execution.  She was not compelled to take this land.  These two propositions being established beyond any question by the plain words of the instrument, make it evident that it is a mortgage, and can not be a conditional sale.

3. There is a defeasance clause which says, that when this $700 and interest are refunded "this deed shall become null and void, otherwise to remain in full force and effect."  It is decided by our Supreme Court, 59 Texas, 425, that a defeasance clause is not essential to the

existence of a mortgage; but when a defeasance clause is found in the paper it is conclusive evidence that it is a mortgage. 67 Texas, 104.

4. That the money draws interest is strong evidence of a mortgage.

5. When the land is worth three or four times the sum loaned, it is strong evidence of a mortgage.

The record shows that this land was worth $2 per acre at the time and is now—over $2500.

If the language of the instrument above quoted had been inserted at the close, instead of at the beginning, it would be in the common form of a mortgage. 80 Texas, 328, says: "The usual proviso in a legal mortgage is, that upon the payment of the debt or the performance of the duty named, then this deed shall be void." This language is quoted from Jones on Mortgages, section 242. This paper has the language usually adopted in writing mortgages; but it is at the beginning instead of at the end.

On this same page of 80 Texas, the court speaks of the circumstance that the money draws interest, indicating a mortgage.

On page 322 of this report the Court says: "In order to constitute a mortgage there must be a debt to be secured; and while there may not be an express promise to pay, it must exist; and the vendor must have a right to recover the same." Hubby v. Harris, 68 Texas, 95. The relation of creditor and debtor must continue to exist after the execution of the transfer, or there is no mortgage, citing Alstin v. Cundiff, 52 Texas, 453.

Chief Justice Willie says: "It is a good test as to the relation of creditor and debtor to ascertain whether or not the apparent vendee has the right of action against the vendor for the money which formed the consideration of the conveyance." Calhoun v. Lumpkin, 60 Texas, 189; 15 Am. and Eng. Encyc. of Law, 780; 4 Kent, 144.

"Once a mortgage always a mortgage." 30 Texas, 332; 11 Texas, 492; 71 Texas, 757; and in this last decision the court adds, "and can not be altered by any verbal agreements or understanding made at the time."

In 85 Texas, 184, is an instrument held to be a mortgage and not a conditional sale; and in the light of that decision there is no room for argument in this case, if indeed there is without it. Our instrument is much more plainly a mortgage.

*Hazelrigg & Vandervoort*, for defendants in error.—1. Parol testimony is admissible to explain the consideration in a deed, and to show the circumstances attendant on and surrounding the transaction, for the purpose of determining the intent of the parties in all cases where the deed sought to be construed is ambiguous. Beale v. Ryan, 40 Texas, 399; Gibbs v. Penny, 43 Texas, 560; McCammant v. Roberts, 80 Texas, 317.

Parol testimony is clearly admissible to aid in construing this deed according to the intent of the parties to it, as is sufficiently shown by the above authorities. Was it executed to secure a loan or a pre-existing debt? The instrument shows nothing of this kind; neither does it say by apt words that such was not the case. Hence, the testimony is competent to show whether there was a pre-existing debt, and whether such debt was extinguished by the deed, or only secured; whether the consideration was purchase money, or a loan; and in general, any testimony tending to show whether the relation of debtor and creditor was continued or created by the deed in question, or the reverse of such relation, is admissible.

2. A warranty deed in usual and regular form, in which the vendor reserves the right to refund the purchase money within a certain time and avoid the deed, is a conditional sale of the land therein described, and the vendor must comply strictly with the terms on which he is allowed to repossess himself of the title, or his right will be at an end. Ruffier v. Womack, 30 Texas, 332; Walker v. McDonald, 49 Texas, 458; Alstin v. Cundiff, 52 Texas, 453; Calhoun v. Lumpkin, 60 Texas, 185; Hubby v. Harris, 68 Texas, 95; Miller v. Yturria, 69 Texas, 549; McCammant v. Roberts, 80 Texas, 317; Glover et al. v. Payn, 19 Wend., 517.

*West & Cochran*, also for defendants in error.—The construction of instruments of this character is as old as the law itself, and primarily depends upon the particular circumstances of the case, and upon the particular instrument to be construed. A careful examination of the instrument discloses:

1. That the grantor was paid a valuable consideration by the grantee.

2. That the grantor had the right, on or before June 1, 1884, to pay to the grantee the consideration, with 10 per cent interest on the same from the date of the execution of the instrument, in which event the instrument was to be of no effect, but otherwise to remain in full force.

3. By apt words the land is conveyed to the grantee by the grantor.

4. The grantor binds himself that he has a perfect fee simple title, unincumbered, and warrants to defend the title against all persons lawfully claiming or to claim the same.

The cases of Reading v. Weston, 7 Connecticut, 143, and Pearson v. Levy, 35 Alabama, 612, decide the precise question. They, in effect, hold, that an agreement by the grantee in an absolute conveyance, that if the grantor should within a certain time bring him the amount of the consideration of the deed, with interest, he would deliver up the deed, but otherwise the grantor should forfeit all claim to such deed, was held not to be a defeasance of a mortgage, as there was no debt secured, but merely a contract to recover on certain terms. So in the case at bar, John Eckford was entitled to have the deed he had executed to Mrs.

Gordon delivered up to him if by or before June 1, 1884, he paid—or refunded, if you please—the consideration paid him by Mrs. Gordon, with 10 per cent interest. Her title became absolute upon his failure to comply with the condition, and plaintiffs in error have no interest whatever in the property. They can not claim title at this late day—a claim not asserted by their ancestor, John Eckford, in his life-time, though Eckford lived until 1890.

It has been well said by the text writers in construing instruments of this character, that the existence of a debt at the time of the execution of the instrument is the test. The record fails to disclose any such debt. Is it not fair to presume that a note or written obligation signed by John Eckford, of date contemporaneous with this deed, would have been introduced on the trial, or in some manner accounted for, if any were ever in existence? Is it not fair to presume that Mrs. Gordon (now Berry) would have been examined by attorneys for defendants in error on this point if such was the fact? If the cases from Alabama and Connecticut, just cited, are the law, none of the recitals in the deed can aid in any way the contention of defendants in error.

The leading case on this question is the case of Conway v. Alexander, 7 Cranch, 218, wherein the United States Supreme Court, through Chief Justice Marshall, discusses the force and effect of instruments of the character of the one under consideration. The facts in that case in brief are, that land had been conveyed to a third person in trust, to reconvey to the grantor if he should repay the purchase money before a day named, and if not, then to convey to the purchaser. The grantor brought a bill in equity to redeem, whereupon the court held, that in the absence of a bond, note, or other evidence of indebtedness, the transaction must be regarded as a conditional sale.

In Stratton v. Sabin, 9 Ohio, 28, an instrument containing the following clause was held to evidence a conditional sale, and not a mortgage: "And it is expressly understood, that if the said Sabin can, within two years from the date hereof, dispose of the said fifty acres hereby granted, to any better advantage to himself, he shall have the privilege of so doing by paying the said McMillan the consideration money herein mentioned, viz., $300 and interest."

In addition to these authorities and those cited by our co-counsel in their brief, we beg to submit the following: Thompson v. Chumney, 8 Texas, 389; Slowey v. McMurray, 27 Mo., 113; King v. Kincey, 1 Ired. Eq. (N. C.), 187; Moss v. Green, 10 Leigh (Va.), 25; Mumerlin v. Benningham, 34 Am. Dec., 402; Hickman v. Cantrell, 9 Yerg. (Tenn.), 6; Bennett v. Holt, 2 Yerg. (Tenn.), 6; Chapman v. Turner, 1 Call (Va.), 280; 1 Jones on Mort., secs. 256–283; 2 Dev. on Deeds, sec. 1110; 3 Am. and Eng. Encyc. of Law, p. 425, note 2.

Counsel discussed the following Texas cases: Soell v. Hadden, 85 Texas, 185; Hart v. Epstein, 71 Texas, 752; McCammant v. Roberts,

80 Texas, 328; Astegueville v. Loustenau, 61 Texas, 233; Calhoun v. Lumkin, 60 Texas, 186; Harris v. Hubby, 68 Texas, 91; Alstin v. Cundiff, 52 Texas, 453; Ruffier v. Womack, 30 Texas, 332.

DENMAN, ASSOCIATE JUSTICE.—On December 22, 1883, John Eckford, in due form of law, executed the following instrument:

"Know all men by these presents, that I, John Eckford, party of the first part, in consideration of seven hundred dollars to me in hand paid, before the signing and delivery of these presents, by E. Gordon, of the county of Bexar, State of Texas, which said sum of seven hundred dollars, together with interest thereon at the rate of ten per cent per annum from date, shall be refunded by this vendor to said E. Gordon, or her heirs, executors, or administrators, on or before the first day of June, A. D. 1884, when this deed shall become null and void, otherwise to remain in full force and effect, have granted, bargained and sold, and do hereby grant, bargain, sell, alien, and convey unto the said E. Gordon, party of the second part, her heirs and assigns forever, the following tract or parcel of land, situated in the county of Dimmitt, Texas." [Here follows a description of land, proper habendum clause, clause of general warranty, and also special covenant that the property was free from incumbrances, and that said Eckford had "good right and lawful authority to make this sale and conveyance of same."] Said instrument was indorsed as follows: "John Eckford to E. Gordon, conditional deed."

The money not being paid at the time fixed for payment in said instrument, E. Gordon went into possession and appears to have been in possession when this suit was filed, she having prior to filing of same become the wife of her coplaintiff, W. Berry.

John Eckford died before suit was filed, and defendants below are his heirs. Berry and wife sued J. M. Eckford and others, heirs of John Eckford, alleging the execution of said instrument; that it is a conditional deed; that Eckford did not pay the money within the time specified, and thereby the land became the property of the grantee; that the grantee went into possession upon Eckford's failure to perform the condition; that defendants claim some interest in the land by virtue of said deed, which they claim gives them the right to redeem, and that such claim and condition in said deed constitute a cloud on plaintiffs' title, which cloud they seek to remove, and to have defendants enjoined from claiming any interest in said land under the condition in said instrument.

Defendants pleaded a general denial.

Parol evidence was introduced by plaintiffs on the trial for the purpose of showing that said instrument evidences a conditional sale and not a mortgage, to the admission of which evidence defendants duly excepted, on the ground that the instrument on its face appears to be

a mortgage, and its terms can not be varied or contradicted by parol evidence.

The trial court held the instrument to evidence a conditional sale, and rendered judgment for plaintiffs in accordance with the prayer of the petition, which judgment was affirmed by the Court of Civil Appeals.

The construction of this instrument by said courts is assigned as error in this court.

When the form of the instrument on its face evidences an absolute conveyance, or a conditional sale, or when, from the face of the instrument, it does not clearly appear that the real purpose of its execution was to secure the payment of a debt, in such cases parol evidence is admissible to show the real purpose of the transaction. If upon the whole case it appears that the real purpose of the transaction was to secure the payment of a debt, the instrument will be held to be a mortgage, no matter what may be its form. The introduction of parol evidence in such cases is conceded to be in direct violation of the general rule, that the terms of a written instrument can not be contradicted or varied by such evidence. The violation of this rule of evidence became necessary, in such cases, in order to give effect to the equity of redemption when first allowed in courts of equity, for otherwise such equity would have been defeated in most cases by the form of the instrument. Otherwise the skill of the conveyancer, aided by the stern rule of evidence, would have enabled the exacting creditor to overreach and finally crush the necessitous and defenseless debtor in a court of law, despite the equity of redemption created and cherished alone by the courts of equity for the protection of the debtor.

But when from the face of the instrument it clearly appeared that the purpose of the transaction was to secure the payment of a debt, the court of equity would hold it to be a mere security, without any parol evidence, and would enforce the equity of redemption by allowing the debtor a reasonable time in which to pay. In such cases, neither the debtor nor the creditor have ever been permitted to introduce parol evidence to show the instrument to be other than what it purports to be on its face. If this were not true, any written obligation to pay money secured by conveyance of land could be shown by parol evidence to be a conditional sale or an absolute conveyance, under the pretext of ascertaining the real intention of the parties; and thus the debtor could satisfy the debt by surrendering the security, or the creditor could insist upon taking the property for the sum advanced thereon, upon proof by parol evidence to the satisfaction of a court or jury that the instrument was not in fact what it purports to be, a security for money, but a conditional sale or absolute conveyance.

The true rule is, that parol evidence is not admissible to contradict or vary the terms of the written instrument except in cases where

equity sets aside the general rule of evidence for the purpose of allowing the parties to show that the real transaction was the securing of a debt, as above indicated, in order that the equity of redemption may be allowed at the instance of the debtor or foreclosed at the instance of the creditor. Applying these principles to the case before us, there can be no difficulty in determining same.

The instrument above set out contains on its face all the elements of a written agreement on the part of John Eckford to pay to E. Gordon $700 on or before the 1st day of June, 1884, with interest thereon at the rate of 10 per cent per annum from December 22, 1883, the date of the instrument. The consideration was the $700 paid by E. Gordon to Eckford; the promissor was John Eckford, who signed the above instrument; the payee was E. Gordon; the amount to be paid was $700, with interest from December 22, 1883, until paid, at the rate of 10 per cent per annum; the time of payment was on or before June 1, 1884, and the promise to pay was aptly expressed in the imperative language, "shall be refunded." Had E. Gordon sued John Eckford on this instrument to recover the $700 and for a foreclosure on the land conveyed therein, we think there can be no doubt that she would have been entitled to a personal judgment against him for the money and interest, for a foreclosure on and sale of the land, and for execution over for any balance not realized from such sale; and Eckford could not have defeated the suit by parol proof that the conveyance was intended as a conditional sale which gave him the option to pay the money and take the land, or surrender the land and thereby escape liability for the money. This would be allowing him to vary by parol his unconditional promise to pay the money. Since Eckford was bound at all event to pay the money, the instrument must be held on its face to be a mortgage as a matter of law, and parol evidence can not be introduced to show that it was intended or treated by the parties as a conditional sale.

The judgments of the trial court and Court of Civil Appeals are reversed and the cause remanded, so that the parties may if they deem it proper amend and set up such rights and equities as the facts may authorize.

*Reversed and remanded.*

Delivered December 21, 1894.