**PRINCE BROS. DRILLING CO., Inc., v. FUHRMAN PETROLEUM CORPORATION.**

No. 4069.

Court of Civil Appeals of Texas. El Paso.
April 10, 1941.

Rehearing Denied April 24, 1941.

T. R. Boone, of Wichita Falls, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Andrews County. Fuhrman Petroleum Corporation, as plaintiff, recovered judgment in the sum of $2,800.71 against Prince Brothers Drilling Company, Inc., as defendant, together with the establishment and foreclosure of a lien on the interest of the defendant in certain mineral interests in certain lands in Andrews County. The judgment also was against defendant on the cross-action it asserted. From this adverse judgment the defendant duly perfected this appeal.

The parties will be herein designated as they were in the trial court.

The trial was before the court. There was and is no dispute as to the facts. The facts involved are substantially set forth in the findings incorporated by the trial court in the judgment.

Plaintiff owned an oil and gas lease on certain lands in Andrews County; defendant was engaged in the business of drilling oil wells. In January, 1938, a contract was entered into whereby defendant agreed to drill oil and gas wells on the lease owned by plaintiff. Defendant proceeded to drill the wells on the land and oil and gas were produced. By its performance of the contract aforesaid defendant became entitled to compensation in the manner provided in the contract.

Paragraph nine of the contract was as follows:

"The consideration for the drilling and equipping of said wells shall, as stipulated aforesaid, be the sum of $3.75 per foot, plus the actual reasonable cost of all materials, plus the 10% of the total cost and the interest charge of 6% as detailed above; the aforesaid sum shall be paid only in the way and manner herenow specified.

"The Company conveys, subject to the limitations of this contract, to the Contractor, and vests in the Contractor, the legal and equitable title to three-fourths (¾ths) of seven-eighths (⅞ths) (²¹⁄₃₂nds) of all the oil, casing-head gas, and/or gas which may be produced, saved and marketed from the wells drilled by Contractor upon the tract of land above described, if, as and when produced from the wells drilled by the Contractor upon the tracts of land above described, until the said Contractor shall have received the full consideration as hereinabove set out. Payment for said interest in said part of said oil, casing-head gas, and gas, if and as produced, shall be made directly by the Pipe Line Company to the Contractor, and the Company will execute appropriate transfer and division orders to effectuate such payment to the Contractor."

Paragraph fourteen of the contract was as follows: "There shall never be any obligation on the part of the Company to pay the Contractor for services rendered under the terms of this contract, or for equipment furnished, except in the manner above set out; that is, the Contractor is to be paid from that fractional part of the oil herein assigned to it."

Due the defendant, to be realized as provided in the contract for the drilling performance, was a sum in excess of $200,-000. There were provisions in the contract that same was not a partnership, the interest of defendant was to continue until the amount due was realized in the way and manner contemplated; that plaintiff might terminate such contract by paying the amount due in cash; and, further, that the contract was not assignable by defendant without the written consent of plaintiff; and that defendant should create or permit no lien against the leasehold interest or against the oil produced therefrom. The oil wells as completed were to be turned over to and operated by plaintiff.

For the year 1939 plaintiff paid the taxes for the entire lease. This included the interest passing to defendant under the contract aforesaid. There is no question as to the amount properly chargeable to defendant if the interest held by it was subject to taxation. If this interest was subject in its hands to taxation, under the agreement and admission of the parties thereto, the judgment of the trial court is correct, unless same be considered a cost of operation within the meaning of the contract.

Defendant advances two propositions:

No. 1: "The trial court erred in holding that the appellant owned a taxable interest in the 'Leasehold Estate' described in the

**316**

contract in question, dated January **7**, 1938."

No. II: "The trial court erred in construing the contract in question (dated January 7, 1938) to the effect that the appellant was due to appellee $2\frac{1}{32}$ of the ad valorem taxes on the 'Leasehold Estate' in question, theretofore assessed by the taxing authorities of Andrews County, Texas, and paid by the Fuhrman Petroleum Corporation."

It is contended by the defendant that the contract did not convey an interest in land, but was merely in the nature of a mortgage on three-fourths of seven-eighths of the oil and gas produced from the wells on the lease to secure the payment of the amount accruing to defendant.

■ In our opinion it was a full payment of any and all services performed under the contract of January 7, 1938. It was an interest conveyed by plaintiff to defendant out of the interest held by plaintiff.

■ The contract specifically provides that there should be no personal liability on the part of plaintiff to pay for the drilling thereunder. A mortgage ordinarily creates a lien to secure the performance of an obligation in the nature of a debt. Eckford v. Berry, 87 Tex. 415, 28 S.W. 937; Wright v. Richcreek, Tex.Civ.App., 86 S.W.2d 478, writ refused; Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643.

The real question in the case is: Was the interest conferred upon defendant by the contract of January 7, 1938, subject to taxation under Art. 7146, R.C.S.?

■ It is well established that under the ordinary oil and gas lease the interests of the lessor and of the lessee are taxable under that article. This proposition is sustained by authority cited by each party to this appeal. Hager v. Stakes, 176 Tex. 453, 294 S.W. 835.

■ The interest in the land held by plaintiff under its lease constituted real estate. The effect of the lease between plaintiff and its lessor was to sever the mineral estate from the surface; each constitutes real property. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 517, 19 S.W.2d 27.

■ But it is the nature of the interest held by defendant here that is a determinative element in this appeal. If an interest or estate defendant took in the minerals, it is limited by the provisions as to the realization of the amount due for drilling. It was established by the evidence

that defendant had a right to realize the sum of $225,902.29. The terms of the assignments here, in our opinion, are basically the same as those considered in Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53. It was there held that the interest was an interest in land. It would seem to logically follow that if it was an interest in land, it was taxable as such under Art. 7146.

In our opinion the case of Sheffield, Tax Collector v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741, applies here, and authoritatively and definitely establishes that the interest in question here is an interest in land and taxable as such. As to the question here involved there can be little difference between the nature of an interest reserved and an interest created by conveyance.

The case of State v. Quintana Petroleum Co., 134 Tex. 179, 133 S.W.2d 112, 115, 134 S.W.2d 1016, 128 A.L.R. 843, 850, is likewise controlling here. In the course of that opinion appears the following: "It is not necessary for decision of the question under consideration to hold that the lessor is by reason of the reservation of the $\frac{7}{32}$ interest the owner, subject to limitation, of $\frac{7}{32}$ of the minerals in place, that is, that he reserved or excepted a possessory or corporeal estate in a portion of the minerals. The reserved right is at least an incorporeal or nonpossessory interest and comes within the definition of real property for the purpose of taxation given in Article 7146 of the Revised Civil Statutes of 1925 as follows: * * *."

■ We do not deem the provision of the contract that it shall be nonassignable by defendant of any particular significance. The only definite and enforcible obligation seems to be to drill two wells. If other wells were drilled, of course, they came under the provisions of the contract. But the only definite and enforcible legal obligation seems to be to drill two wells. It is unnecessary to determine the scope or validity of the provision as to the nonassignability of the contract.

In paragraph twenty-one of the contract the following appears: "The same should be turned over to the Company in its completed state to be thereafter controlled and operated by it. The same to be operated in a good and workmanlike manner at its sole cost and expense."

This refers to the situation after the wells were completed. It is contended that under this clause the taxes in question were

a cost of operation. Plaintiff, on the other hand, contends that this is a new theory interjected into the case on appeal. Further, that the pleadings in the trial court were insufficient to raise the issue, and so as to the assignments here.

■ Without passing on these contentions of plaintiff, we will say it is our opinion that the provision is not susceptible of the construction sought to be placed thereon by defendant. It is well established that a royalty interest is subject to taxation. In case of an overriding royalty, for instance, the implication is that the well or wells are to be operated at the cost and expense of the lessee. In such a case it seems clear to us that the lessee would not be under obligation to pay the taxes on the royalty interests. The situation is analogous at least to the situation here.

The judgment of the trial court is affirmed.