J. C. BRADSHAW ET AL V. W. R. McDONALD.

No. A-1826. Decided January 12, 1949.
Rehearing overruled February 16, 1949.
(216 S. W., 2d Series, 972.)

456

Norman M. West, J. Avery Rush, and Baker, Botts, Andrews & Parish, all of Houston, for petitioners.

Since the deed under consideration recited a contractual consideration, which was fully performed by the grantee prior to this suit, and there being an absence of any proof or finding of fraud, accident or mistake in connection with the execution and delivery of said deed, it was error for the court of civil appeals, and the trial court, in holding that parol or extrinsic evidence was admissible to show that the deed in question was intended as a mortgage. Granberry v. McBride, 138 S. W. (2d) 283; Pridgen v. Furnish, 23 S. W. (2d) 307; North Texas Bldg. & Loan Assn. v. Overton, 126 Texas 104, 86 S. W. (2d) 739; Sisk v. Random, 123 Texas 326, 70 S. W. (2d) 689.

*Joel W. Cook* and *Bailey P. Loftin,* both of Houston, for respondent, W. R. McDonald.

The Court of Civil Appeals erred in failing to find that Effie Bradshaw was the agent of J. C. Bradshaw in procuring the deed in controversy from W. R. McDonald. Ware v. Bennett, 18 Texas 794; Goldstein v. Union National Bank, 109 Texas 555, 213 S. W. 589; McDorman v. Goodell, 69 S. W. (2d) 428.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

W. R. McDonald brought this suit against J. C. Bradshaw, Effie Marie Bradshaw, a minor, and her guardian, the South Texas Commercial National Bank of Houston, in form of trespass to try title for the purpose of establishing that a warranty deed McDonald had made to Bradshaw was a mortgage. The trial was to a jury, and upon a verdict favorable to McDonald judgment was rendered declaring the deed a mortgage and awarding the land to McDonald upon his repaying Bradshaw the net unpaid amount the jury found the latter had expended on the land described in the deed. The Court of Civil Appeals affirmed the action of the trial court in determining that the deed was in fact a mortgage, but reversed and remanded because of an error in the charge to the jury. 211 S. W. (2d) 797.

Prior to September 9, 1939, the date on which the deed in question was executed, McDonald owned four lots in South Houston which were encumbered by a deed of trust lien securing an indebtedness of $2,730.00. The monthly installments on this debt were $21.90, and at the time McDonald executed the deed his payments were delinquent to the extent of $181.39.

McDonald alleged that immediately prior to the date upon which the deed was executed to Bradshaw, plaintiff's sister,

Effie Bradshaw, the wife of defendant Bradshaw, stated that if he, McDonald, would execute a mortgage on the property to them, she and her husband would lend him the money to pay the amount owing for back installments on the note and that the Bradshaws would pay what might become due upon the note in the future "until such time as plaintiff became physically able to repair the house on said premises and to rent the same."

The deed is, in form, one of general warranty, reciting that McDonald, a single man, conveyed the land to Bradshaw and wife for a nominal cash consideration and the assumption by "J. C. Bradshaw and wife, Effie Bradshaw, of and their promise to pay the present unpaid balance of principal and interest on that one certain promissory note dated June 24, 1934, executed by W. R. McDonald, in the principal sum of $2,730.00, payable to the order of the Home Owners' Loan Corporation * * *."

After the deed was delivered to Bradshaw, he paid the delinquent installments, and on September 30, 1939, executed an agreement with the lienholder assuming the payment of McDonald's note. On December 27, 1943, Bradshaw paid off the balance due.

On April 23, 1946, when McDonald brought this suit, his sister, Effie Bradshaw, had died.

The trial court submitted no issues on fraud, accident, or mistake, and the plaintiff requested none. So these issues, although pleaded, passed out of the case. Upon the issues submitted, the jury found that McDonald had made the deed upon the understanding with Effie Bradshaw, acting as agent for her husband, that the instrument would be held as security for the repayment of the money Bradshaw was to pay out for McDonald, and that the amount Bradshaw had so paid, including interest, was $4,403.47.

Bradshaw's application for writ of error was granted on a point which is in substance that since the deed recited a contractual consideration which had been fully performed by Bradshaw, parol evidence was not admissible to show that the deed was intended as a mortgage. He asserts that the ruling of the Court of Civil Appeals is in conflict with the following cases: Mann v. Wright, Texas Civ. App., 269 S. W. 222, error dismissed; Smith v. Koennecke, Texas Civ. App., 73 S. W. (2d) 933; McMurry v. Mercer, Texas Civ. App., 73 S. W. (2d) 1087, error refused; Hillman v. Graves, Texas Civ. App., 134 S. W. (2d) 436; Granberry v. McBride, Texas Civ. App., 138 S. W.

(2d) 283. These cases, later to be discussed, do lend support to Bradshaw's contention that where the consideration expressed is a contractual one, extrinsic evidence is inadmissible to show that a deed absolute on its face was intended as a mortgage. This is not the law in Texas, as the Court of Civil Appeals correctly held. But since considerable inaccuracy of expression concerning this principle has crept into some of the decisions, a re-examination of the principle and the reasons for it becomes the duty of this court.

When the common law rules of evidence were incorporated into Texas law (Acts 1836, Dec. 20; now Rule 184, Texas Rules of Civil Procedure), there were certain firmly established limitations or exceptions to the rule that parol evidence was inadmissible to contradict or vary the terms of an instrument in writing. Among these there was the principle that parol evidence was admissible to vary or contradict a recital of consideration in a written instrument. This exception, developed in the common law courts of England, was based on the reasoning that proof of a different consideration did not come within the abuses sought to be prevented by the parol evidence rule. Where, however, the consideration expressed in the writing was not a mere recital but was contractual in nature, the exception did not operate and parol evidence was not let in to show an additional or different consideration.

Yet another exception to the parol evidence rule had been developed in the equity courts of England—the rule that an instrument purporting on its face to be an absolute deed could be shown by extrinsic evidence to be in fact a mortgage. Recognizing the force of circumstances which might impel a necessitous debtor to execute the more onerous instrument, equity courts relaxed the parol evidence rule for the debtor's protection and extended him relief provided he offer proof of a clear and convincing character. In England, where this rule developed, and in the vast majority of American jurisdictions, allegation of fraud, accident, or mistake is not necessary in such cases to admit parol proof. The rationalization of this is that the instrument in such cases is usually the deliberate act of the parties. Accordingly, there could be no mistake, nor could fraud be predicated upon what the parties had deliberately done. So the debtor who had signed an outright deed, intending it as a mortgage, would, if obliged to show fraud, accident, or mistake, be cut off from all relief in practically every case.

■ The rule allowing an absolute deed to be proved a mortgage originated as a purely equitable doctrine. It relates to that one

type of document and to that sole purpose. On the other hand, the rules relating to varying the recitals of consideration have no peculiarly equitable foundation, and are applicable equally to every type of written instrument and for every purpose. The rationale of each of the two principles is entirely different, and they operate in separate, distinct orbits. As has been observed, the prohibition against allowing proof of parol to vary a contractual consideration is simply an application of the common law parol evidence rule; but for the purpose of converting an absolute deed into a mortgage the equity rule supersedes the conflicting common law rule.

■ As early as 1848 this court declared that it was established beyond question that parol evidence was admissible to control the clear import of an absolute deed, and to show that the deed, though absolute on its face, was intended as a mortgage. Stampers v. Johnson, 3 Texas 1. Although it has occasionally been stated that the purpose of extrinsic evidence was to show the real consideration for the transaction (Morrow v. Gorter, Texas Civ. App., 217 S. W. 164; Sammann v. Deitrich, Texas Civ. App., 39 S. W. (2d) 647),* generally it has been declared in the Texas decisions that the function of the oral testimony is ·to show the real intention of the parties and the true nature of the transaction. Stampers v. Johnson, supra; Carter v. Carter, 5 Texas 93; Gibbs v. Penny, 43 Texas 560; Eckford v. Berry, 87 Texas 415, ·28 S. W. 937; Hume v. Le Compte, Texas Civ. App., 142 S. W. 934, error refused. In Gibbs v. Penny, supra, Associate Justice Gould said:

"That a deed, absolute on its face, may be controlled by parol evidence, showing that it was intended as a mortgage, has long been the settled law in this State. (Citations.) The character of the transaction is determined, not by the form of the contract, or the name given it by the parties, but by their real agreement and intention, and the construction which the law affixes thereto. (Citations.) If the conveyance is in fact designed as a security for the payment of money, equity treats it as a mortgage." 43 Texas 560, 563.

Associate Justice Denman forcefully stated the policy of this rule in Eckford v. Berry, 87 Texas 415, 28 S. W. 937, 938:

"When the form of the instrument, on its face, evidences an absolute conveyance or a conditional sale, or when, from ·the face of the instrument, it does not clearly appear that the real

---

*See Annotation, L. R. A. 1916B, 18 at p. 63 for a well-reasoned criticism of statements to this effect.

purpose of its execution was to secure the payment of a debt, in such cases parol evidence is admissible to show the real purpose of the transaction. If, upon the whole case, it appears that the real purpose of the transaction was to secure the payment of a debt, the instrument will be held to be a mortgage, no matter what may be its form. The introduction of parol evidence, in such cases, is conceded to be in direct violation of the general rule that the terms of a written instrument cannot be contradicted or varied by such evidence. The violation of this rule of evidence became necessary, in such cases, in order to give effect to the equity of redemption, when first allowed in courts of equity for otherwise such equity would have been defeated, in most cases, by the form of the instrument. Otherwise, the skill of the conveyancer, aided by the tern rule of evidence, would have enabled the exacting creditor to overreach, and finally crush, the necessitous and defenseless debtor in a court of law, despite the equity of redemption, created and cherished alone by the courts of equity for the protection of the debtor."

These holdings of the Texas courts are in accord with the almost unanimous rule of decision in other jurisdictions. See 4 Pomeroy, Equity Jurisprudence, 5th Ed., sec. 1196; 1 Jones, Mortgages, 8th Ed., sec. 393; 36 Am. Jur., Mortgages, sec. 140; Annotation, L. R. A. 1916B, 18, at pp. 47, 76-77.

In none of the cases outside of Texas, nor in our own cases prior to 1925, has any holding been found to indicate that the form in which the consideration is expressed is controlling. On the contrary, in McLean v. Ellis, 79 Texas 398, 400, 15 S. W. 394, this court declared in an opinion by Associate Justice Henry:

"The defendant objected to the introduction of any parol evidence to disprove the recitals in the deed of the considerations of which it was made.\* It is well settled that the true consideration of a deed may be proved by parol evidence, and that a deed absolute on its face may be shown to have been executed in fact as a security for money, and for that reason be treated as a mortgage. Gibbs v. Penny, 43 Texas 563. The rule does not depend upon the manner of statement of the consideration in the deed. The right is a substantial one not to be varied or defeated by any form of expression or character of recitals contained in the instrument itself."

---

\*The deed expressed the consideration substantially as follows: "One hundred dollars heretofore advanced to us by the firm of McLean & Curry for the purpose of purchasing the hereinafter described land, and having the deed therefor made to them, which said one hundred dollars was used for purchasing said land."

And that most eminent jurist, Chief Justice Willie, in Loving v. Milliken, 59 Texas 423, 425, said:

"In determining whether an instrument is to be construed as an absolute conveyance or a mortgage when there is no defeasance expressly agreed upon, equity looks to all the circumstances preceding and attending the execution of the instrument, and sometimes to those which have subsequently occurred. (Citations.) From these the transaction will take its hue, no matter what coloring the declarations and apparent agreement of the parties have attempted to give it.

"If there was a debt due from the grantor to the grantee, or a loan made, which the instrument secures, the transaction will be deemed a mortgage, let it be disguised as it may. * * *"

During the first eighty years of statehood Texas courts recognized unqualifiedly the rule permitting oral proof that a deed was intended as a mortgage. The first intimation of a qualification upon the rule occurred in Mann v. Wright, Texas Civ. App., 269 S. W. 222, error dismissed, decided in 1925. In that case the deed recited a consideration of cash paid "and the cancellation and release of one deed of trust note * * * and the further consideration of the payment of delinquent taxes on the hereinafter described land." The Court of Civil Appeals, after holding that the evidence (which included parol evidence introduced by both parties) supported the jury's finding that the deed was not intended as a mortgage, went on to say, obviously by way of dictum, that the consideration being contractual, the instrument could not be modified or changed by parol. In support of this statement the court cited only one case, Matheson v. C-B Live Stock Co., Texas Civ. App., 176 S. W. 734. The Matheson case had nothing at all to do with a mortgage, but involved merely an application of the familiar rules relating to parol evidence where an attempt is made to show an additional consideration.

Since the decision of Mann v. Wright, several other cases have repeated its dictum. Smith v. Koennecke, Texas Civ. App., 73 S. W. (2d) 933; McMurry v. Mercer, Texas Civ. App., 73 S. W. (2d) 1087, error refused; Hilliam v. Graves, Texas Civ. App., 134 S. W. (2d) 436; Granberry v. McBride, Texas Civ. App., 138 S. W. (2d) 283. Bradshaw relies on these cases as being in conflict with the holding of the Court of Civil Appeals here. In the main these cases were decided under the general rules relating to varying a recitation of consideration, as was

Mann v. Wright, and the rule announced in such cases as Kahn v. Kahn, 94 Texas 114, 58 S. W. 825, to the effect that parol evidence will not be allowed to vary the effect of the instrument. This latter rule has to do with a different kind of situation and is obviously not applicable here, for in every case where a purported deed is proved by parol to be a mortgage the effect of the instrument is varied. Indeed, the purpose of the exception is to allow the accomplishment of this very result. In each of the Court of Civil Appeals cases just cited, the inadmissibility of parol evidence was an alternative ground for the decision. In so far as those cases say that parol evidence is inadmissible to show a deed was intended as a mortgage, they cannot be accepted as authoritative.

Bradshaw also claims that the holding of the Court of Civil Appeals is in conflict with Pridgen v. Furnish, Texas Com. App., 23 S. W. (2d) 307. That case involved an alleged parol trust rather than a mortgage (although the Court of Civil Appeals loosely spoke of it as a mortgage or trust, 11 S. W. (2d) 844, 846). While the early Texas cases declared that a parol trust could be proved as freely as a mortgage (Mead v. Randolph, 8 Texas 191), we are here concerned only with the rule applicable to mortgages; and there is no occasion—indeed, it might confuse—to digress into a discussion of the applicable rules where a parol trust is alleged. Neither Pridgen v. Furnish nor Kidd v. Young, 144 Texas 322, 190 S. W. (2d) 65, also cited by Bradshaw and involving' a parol trust rather than a mortgage, is decisive of this case. Moreover, it was expressly held in Austin v. Austin, 143 Texas 29, 182 S. W. (2d) 355, where the exact question in this case was presented, that Pridgen v. Furnish was not controlling.

■ Dictum in Sisk v. Random, 123 Texas 326, 70 S. W. (2d) 689, suggests a distinction between an absolute deed as a mortgage generally and as a mortgage or "pretended sale" of a homestead, under a construction of Article 16, Section 50 of the Texas Constitution. This distinction is not warranted. The rule determining the admissibility of parol evidence is the same in both instances, only the result may be different where a homestead is involved. Instead of being enforced as a mortgage, the instrument will be declared void if violative of the constitutional prohibition against mortgaging a homestead. The Constitution does not change the rules of evidence for determining whether a "pretended sale" is a mortgage; it only declares the vitiating effect of a transaction which is shown by ordinary rules of evidence to be in fact a mortgage of a homestead. Cf. Brannon v. Gartman, Texas Com. App., 288 S. W. 817.

■ As has been observed, the exact question at bar was directly before this court in the recent case of Austin v. Austin, 143 Texas 29, 182 S. W. (2d) 355. There the court was passing upon a deed which contained a contractual consideration, namely, the promissory consideration of four vendor's lien notes. In holding parol evidence admissible to show the parties intended that the deed thus containing a contractual consideration was a mortgage,. the court said:

"We recognize the general rule that parol agreements may not be allowed to destroy, impair or vary the effect of the plain recitals in a deed. But there are a few well recognized exceptions to this general rule. We are here concerned with only one of them. It is settled that parol evidence may be received to show that a purported deed was in fact intended as a mortgage. (Citations.) Therefore, parol evidence was admissible to show that the real purpose of the parties involved in this transaction was merely to create a lien, and having shown such purpose no greater effect will be given the instrument than that designed by the parties." 143 Texas 29, 35, 182 S. W. (2d) 355, 357. It is quite evident that the contractual nature of the consideration was urged, in view of the opinion on motion for rehearing in which the court distinguishes the case from Pridgen v. Furnish, supra. The holding in Austin v. Austin is in harmony with the overwhelming weight of authority in Texas and elsewhere, and is now reaffirmed.

■ The Court of Civil Appeals held that the facts proven were sufficient to entitle the plaintiff to go to the jury on the question of whether the deed was a mortgage. A careful reading of the statement of facts indicate that it cannot be said as a matter of law there was no evidence to warrant the submission of the issue, and the Court of Civil Appeals ruling in this regard is approved. That court reversed and remanded the case to the district court because it appeared that the charge assumed as a fact that the wife of the defendant Bradshaw was his agent in her dealings with the plaintiff. This agency was not established as a matter of law, and the Court of Civil Appeals correctly held that the trial court fell into error in so assuming.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 12, 1949.

Rehearing overruled February 16, 1949.