A. Merrill SMITH et al., Appellants,

v.

George F. ROZELLE et al., Appellees.

No. 3244.

Court of Civil Appeals of Texas.

Waco.

June 16, 1955.

Rehearing Denied Sept. 29, 1955.

Chas. Romick, Dallas, for appellants.

Spafford, Spafford, Freedman, Hamlin, Gay & Russell, Dallas, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment sustaining defendants' motion for an instruct-

ed verdict, discharging the jury, and rendering judgment for defendants. Plaintiffs sued defendants for partition of 128 acres of land in Dallas County which had been the property of Samuel D. Smith, Sr., deceased. Plaintiff A. Merrill Smith, one of the four children, and an heir at law, of the deceased, who died intestate on 4 July 1939, sued for partition against George F. Rozelle, Jr., and wife, Erma Smith Rozelle, Edna Smith Watson and husband, Fred Watson, and S. D. Smith, Jr. Erma Smith Rozelle, Edna Smith Watson, S. D. Smith, Jr., are the other surviving children and heirs at law. (Margaret Smith, widow of the deceased, whom he married in *1937*, was also a party but has not appealed).

Plaintiff alleged that the 128 acres involved in this suit was in 1936 owned by their father, Samuel D. Smith, Sr., who made a general warranty deed to George F. Rozelle, Jr., his son-in-law, and Erma Smith Rozelle, his daughter, for the purpose of refinancing the loan on said land, owned by their father, and to secure the Rozelles for any advancements which they may have made; plaintiff tendered the Rozelles such sums as may be due them; prayed that the general warranty deed be treated as a mortgage as to advancements, and asked the court to partition the land one-fourth each to plaintiff, Erma Smith Rozelle, Edna Smith Watson and S. C. Smith, Jr. Edna Smith Watson and S. D. Smith, Jr., each answered alleging the same facts as plaintiff and filed cross-actions in which they sought the partition of the land, and the same relief as prayed for by plaintiff.

Defendants Erma Smith Rozelle and husband, George F. Rozelle, Jr., answered by denials, pleas of the various statutes of limitations, and specially answered that after the execution of the deed they paid off loans due by S. D. Smith, Sr. (deceased), the father of the parties, and owner of the land, to John Hancock Life Insurance Company and Nannie B. Redmond totalling $10,250, and approximately $1,600 additional paid by them as taxes, for all of which they claimed reimbursement, should it be found they were not owners of the land.

Trial was to a jury. At the conclusion of plaintiffs' evidence, after plaintiffs rested their case, defendants filed a "Motion for Peremptory Instruction", in which they moved the court to discharge the jury and render judgment for defendants Rozelle and wife. The trial court granted this motion, discharged the jury, and rendered judgment that plaintiffs take nothing, and in favor of defendants Rozelle and wife. Motions for New Trial were overruled and plaintiffs (and cross plaintiffs) A. Merrill Smith, Edna Smith Watson (joined by her husband), and S. D. Smith, Jr., appeal.

Basically we have this situation. A father of four children owes money on his 128 acre farm. One of the children advances the money to pay off the indebtedness on the farm and the father deeds the farm to this child. The father dies and some years later three of the children tender the amounts paid on the father's debts by the fourth child, and seek to have the *deed* the father gave to the child advancing such money construed to be a mortgage, and the 128 acres partitioned four ways. The farm is worth nearly twenty times the amount the fourth child advanced to take care of the father's debts. The Trial Court refused to admit into evidence much of the plaintiffs' evidence, and then took the case from the jury and itself rendered judgment that the plaintiffs take nothing. We are confronted 1st) with whether or not there was evidence sufficient to tender an issue of fact to go to the jury on whether the deed executed by the deceased father was intended to be in fact a deed or in fact a mortgage, and 2nd) with whether or not the Trial Court erred in excluding certain of plaintiffs' evidence.

In determining whether or not there was sufficient evidence to entitle plaintiffs to go to the jury on the question of whether the deed was a mortgage, a review of the record reflects: After the death of deceased in 1939, his daughter

Edna Smith Watson and her husband lived on the land seven or eight years. Their moving onto the land was occasioned by the defendants' suggestion, defendant Rozelle pointing out to Edna Smith Watson that she had as much equity in the land as did his wife and that it was as much to her interest as to his wife's to look after the place. Defendant Rozelle, immediately before the execution of the deed to the land involved here, in March 1936, told Edna Smith Watson that he was going to lend his father-in-law the money to refinance the loan; then he told her he decided he had better secure himself with a deed to the land. Shortly after the death of their father, the Watsons and the Rozelles discussed partitioning the land involved in this suit, and the Rozelles urged the Watsons to delay partition until a good price could be obtained, to which plaintiffs agreed. The deceased made valuable improvements on the land after he executed the deed. The Rozelles told Edna Smith Watson they *advanced* about $2,000 to deceased, their father, in refinancing the loan on the land. It is uncontradicted that the land is worth about $1,500 per acre (or about twenty times what defendants advanced on same). A letter in evidence from defendant Rozelle to deceased about refinancing another piece of land owned by deceased, suggested that a *"deed"* be made to defendant, thus showing defendant's manner of handling transactions of this sort. The testimony of F. M. Parsons, erroneously excluded by the Trial Court (which is hereinafter discussed) contains sufficient evidence within itself to entitle plaintiffs to go to the jury. Further to the above, however, defendants admit in their pleadings that the purpose of the deed from the father to them was to refinance the note due by the father to John Hancock Life Insurance Company, and they set out and allege in detail the terms of the extension and renewal of said note, which was secured by a deed of trust on the land involved herein, and the advancements made by them in behalf of the owner, their father.

The plaintiffs' contention is that the deed to the land was executed by the deceased for the purpose of refinancing the loan on this land and that by reason thereof the defendants took the deed as the agent of deceased and held it in trust for their father or his heirs as security for the money advanced by them. The question for determination here is, does the evidence raise such issue? We believe that it does. It is the law that oral testimony is admissible to show that a deed absolute on its face was intended to be as between the grantor and grantee a mortgage, or trust, or was conveyed for some purpose other than a conveyance, and that the grantor did not intend for title to pass. Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972; Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710; Norriss v. Patterson, Tex.Civ.App., 261 S.W.2d 758 (ref. n. r. e.). And when the transaction is between members of a family the transaction is to be examined more closely because of the confidential relationship. Indeed the admissions in defendants' own pleadings constitute evidence against them of the highest dignity. Allstate Insurance Co. v. Lay, Tex.Civ.App., 265 S.W.2d 203; McDonald v. Carlisle, 146 Tex. 206, 206 S.W.2d 224; Eidson v. Perry National Bank, Tex.Civ. App., 278 S.W.2d 556.

It is therefore our view that upon the basis of the uncontradicted evidence admitted by the Trial Court (not to mention the evidence erroneously excluded hereinafter discussed), and the admissions of the defendant, that a jury issue was tendered that the deed did not operate as a conveyance of title, but was intended only as security for the money advanced by defendants. We therefore hold that the Trial Court erred in discharging the jury and in rendering judgment for defendants.

We next come to consider whether or not the Trial Court erred in excluding certain of plaintiffs' evidence. Defendants offered in evidence certain

portions from letters written to them by Edna Smith Watson. Plaintiffs offered in evidence other portions of the same letters. The Trial Court excluded the portion offered by plaintiffs. It is well settled that where a party offers in evidence part of a written statement, for impeachment purposes (which was the case here), the opposing party may introduce in evidence portions of the balance of the instrument. Texas Employers Ins. Ass'n v. McNorton, Tex.Civ.App., 92 S.W.2d 562; Rowan & Hope v. Valadez, Tex.Civ.App., 258 S.W.2d 395. The letter above referred to contained references to plaintiff A. Merrill Smith and quoted from an alleged conversation the writer had with him concerning the land involved in this suit. Plaintiff A. Merrill Smith attempted to testify to his version of the same conversation referred to in the portion of the letter introduced, but was not permitted to do so by the Trial Court. We think this was error.

■ The Trial Court excluded the testimony of F. M. (Buck) Parsons, a disinterested witness. Mr. Parsons was a friend of some forty years of deceased; had worked as his partner for many years when both were Deputy Sheriffs; lived in the same house with deceased for some two years, and was intimately acquainted with deceased and his business. The Trial Court excluded his testimony to the effect that deceased executed the deed to his daughter and her husband, the defendants herein, for the purpose of refinancing the loan on the land; and to secure them for any advancements made by them; the foregoing was told to Mr. Parsons by deceased both before and after the execution of the deed. The Trial Court's grounds for such exclusion were that it was "*hearsay and self serving.*" The Trial Court further excluded testimony of Mr. Parsons that deceased tried to borrow money from him for the purpose of paying off the defendants, and refinancing the note due on the land; also the condition of deceased's note to John Hancock Life Insurance Company just before deceased made the deed to defendants for the purpose of refinancing said note. The Trial

Court excluded the foregoing on the objection that it was *hearsay*. The Trial Court further excluded Mr. Parsons' testimony to the effect that deceased, after executing the deed to defendants, continued to make his home on the land for the balance of his life, and made valuable improvements on the land after executing the deed.

It is our view that all of the foregoing tendered testimony of Mr. Parsons, which was excluded by the Trial Court, bears directly on the transaction between the deceased and his daughter and her husband, and deals with the efforts of deceased to borrow money to repay the refinanced loan, so as to free his daughter and her husband on the note, and to free his land from the deed made by him to defendants. We think that the Trial Court committed reversible error in excluding the foregoing testimony. Mr. Parsons' testimony is admissible, and if it had been admitted by the Trial Court, would have itself alone tendered issues of fact to the jury concerning what was intended by the parties to the deed to defendants.

■ Our Supreme Court in Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972, 974, summarizes the law applicable.

"'* * * a deed, absolute on its face, may be controlled by parol evidence, showing that it was intended as a mortgage, has long been the settled law in this State. * * * The character of the transaction is determined, not by the form of the contract, or the name given it by the parties, but by their real agreement and intention, and the construction which the law affixes thereto. * * * If the conveyance is in fact designed as a security for the payment of money, equity treats it as a mortgage.' * * * 'If, upon the whole case, it appears that the real purpose of the transaction was to secure the payment of a debt, the instrument will be held to be a mortgage, no matter what may be its form.'"

Applying the foregoing rules to the case at bar, we hold that the record as made is more than sufficient to entitle the plaintiffs to go to the jury on the question of whether the deed was a mortgage.

It follows that this cause is reversed and remanded to the Trial Court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.