Mrs. Mattie Kirby ELMORE, Appellant,

v.

Zettie HUBBARD et al., Appellees.

No. 6252.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1960.

Rehearing Denied March 9, 1960.

Kirby Kelly, Shepherd, Jeff Cochran, Cleveland, James E. Faulkner, Cold Springs, for appellant.

James M. Crane, Conroe, V. A. Collins, Livingston, Robert F. Atkins, Cold Springs, for appellees.

ANDERSON, Chief Justice.

This is a suit in form of trespass to try title, brought by appellees against appellant Mrs. Elmore. It involves 20 acres of land in San Jacinto County, a part of the W. G. Logan League. Lucy Kirksey, an unlearned Negro woman, is the agreed common source of title. In addition to an ordinary trespass-to-try-title count, appellees specially pleaded that what is in form a deed Lucy Kirksey executed and delivered to J. R. Elmore on July 6, 1935, was in fact a mortgage, given to secure a debt which was later discharged. The deed recited a cash consideration of $150. Appellees also specially pleaded title by adverse possession under the ten-year statute of limitation, Art. 5510, Vernon's Ann.Texas Civil Statutes. Appellant filed pleas in abatement and special exceptions, which were overruled, and answered by plea of not guilty and by specially pleading the three, four, five, and ten-year statutes of limitation. Appellant's motion for instructed verdict, made at the close of the evidence, having been first overruled, the case was submitted to a jury upon three special issues. The jury found that the apparent deed from Lucy Kirksey to J. R. Elmore was "intended as a mortgage to secure a debt owing by Lucy Kirksey to J. R. Elmore." It also found in favor of the plaintiffs in response to the special issue by which the matter of whether the plaintiffs had perfected title under the ten-year statute of limitation was submitted. The jury failed to find from a preponderance of the evidence that title under the ten-year statute of limitation had been perfected in Mrs. Elmore. The special issue by which the matter was submitted was answered in the negative. Motion by Mrs. Elmore for judgment non obstante veredicto having been first overruled, judgment was rendered in favor of the plaintiffs for title to and possession of the land. The judgment also declared the apparent deed to be of no further force and effect and decreed removal of the cloud cast by it on the plaintiffs' title. The defendant seasonably filed motion for a new trial, which was overruled by operation of law, and has duly perfected her appeal.

768

■ By her first point, appellant asserts that the verdict of the jury and judgment of the trial court are without support in the pleadings. By her second point, she asserts that the plaintiffs' trial petition was insufficient to support the jury's finding that the apparent deed was intended as a mortgage. And by her third point, she asserts that the plaintiffs' plea of title under the ten-year statute of limitation was insufficient to support the jury's finding with reference to that matter. Appellant apparently takes the position that a plea of fraud or of mutual mistake or of accident or inadvertence was essential to support the plaintiffs' claim that the apparent deed was in fact a mortgage. She refers us to no special exception or special plea in which she attacked the plaintiffs' petition upon this ground, and there does not appear to have been one in her pleadings. The question is therefore not actually before us for review. However, her contention is without merit. Proof that an apparent deed was intended as a mortgage may be made under an exception to the Parol Evidence Rule. Bradshaw v. McDonald, 147 Tex. 455, 216 S.W. 2d 972; Texas Law of Evidence (McCormick and Ray), 2nd Ed., Sec. 1641(a), p. 498. Appellant has failed to point out any particular in which appellees' plea of title under the ten-year statute of limitation is deficient. We have examined the pleading and find it sufficient. It is perhaps true that the plea could have been more aptly worded to fit the plaintiffs' petition, but it contains the necessary elements of a plea of title by limitation, and its form can have occasioned appellant no harm.

■ The depositions of Lucy Kirksey and Lloyd Davison were filed in the case and used in evidence upon a prior trial. They were subsequently lost or destroyed. Before the present trial commenced, appellees made written motion for leave to substitute carbon copies for the originals. Appellant appeared and participated in a hearing of the motion. Neither the sufficiency of the notice given her nor the sufficiency of the motion was questioned. At the conclusion of the hearing, the motion was granted. The correctness of the copies was not challenged at the hearing or subsequently. But by her points four and five, appellant complains of the court's action in granting the motion and in permitting the copies to be read into evidence. The basis of complaint appears to be that better evidence was available, that the witnesses should have been called in person, or, if not, that resort should have been had to the evidence given upon the previous trial. As the matter is presented, it does not reflect error. See Rule 77, Texas Rules of Civil Procedure; World Oil Co. v. Hicks, Tex. Civ.App., 75 S.W.2d 905. Points four and five are accordingly overruled

Appellant moved for an instructed verdict at the close of appellees' direct evidence as well as at the close of all the evidence. By her sixth and seventh points, she complains of the trial court's action in overruling the motions. She does not address a point to the overruling of her motion for judgment non obstante veredicto, but does discuss the ruling, in connection with points six and seven. She takes the position, as best we can tell, that by their pleadings appellees attacked the apparent deed only on the basis that it was procured by fraud. She then takes the position that no fraud was shown, citing the holding of this court in an unpublished opinion rendered on a prior appeal. And finally she takes the position that there is no evidence to support the finding to the effect that appellees and those through whom they claim had perfected title by adverse possession. We overrule the points.

■ It is true that upon a prior appeal this court held that a fact issue with reference to fraud in procurement of the Kirksey-Elmore deed was not raised by the evidence. And the evidence relative to the deed is the same now as it was then. It is also true that in the petition on which they last went to trial appellees pleaded that a fraud was perpetrated upon Lucy Kirksey by recording the mortgage which was in form a deed and by failing to release the

mortgage when the debt it secured was paid. However, the case was not tried upon the theory that the deed was voidable because procured by fraud. The trial judge, as well as counsel for appellees, made it quite clear throughout the trial that the case was not being tried upon that theory, and no special issue relative to fraud was submitted to the jury. Moreover, there was and is nothing in appellees' pleadings to mislead appellant. And we have already held the pleadings sufficient with reference to the apparent deed's having been in fact a mortgage.

▇ Appellant has not actually discussed the evidence touching the mortgage issue, and we are probably under no duty to do so. However, we have examined the evidence and find it sufficient to support the jury's finding relative to the matter. Lucy Kirksey testified by deposition that she "had a transaction" with J. R. Elmore about tin with which to reroof her house, which was situated on the land in question; that she told him she could not pay for the tin at the time but would give him a mortgage on the house; that Mr. Elmore subsequently furnished the tin, a sufficient amount to reroof the house; that two Negroes placed the tin on the house; that she was out of the house temporarily while it was being reroofed but returned to it when the work was finished and continued to live in it for a time; that she then went to Houston to work and was there for two years, during which time she was endeavoring to earn money with which to pay Mr. Elmore; that after she departed for Houston Mr. Elmore placed Pen Davidson in possession of the premises; that after two years in Houston she saw Mr. Elmore again and was told by him that he "had used the place until the debt was paid and I could move on back home"; that she thereupon returned to the premises in question and had lived on them ever since, claiming them and paying taxes on them, and had either farmed the land or had it farmed regularly. A witness who is listed as Lloyd Davison, apparently the same person to whom Lucy Kirksey referred as Pen Davidson, testified by deposition that he lived on the land in question and cultivated it during the years 1937 and 1938; that he moved on the land at the request of J. R. Elmore; that Mr. Elmore told him that he wanted him to "work the place and get it out of debt"; that Mr. Elmore "asked me, wanted me to take the place and work it, get Lucy out of the debt she owed, didn't have anybody working for him to get his money back"; that Lucy Kirksey's household effects were in the house when he, the witness, moved into it and that they remained there during all of the time he lived in the house; that the house was locked when he first went to it with one of Mr. Elmore's sons; that the son procured a key from under the porch, opened the house, directed the witness to put Lucy's belongings in a single room and nail the door of the room shut, which was done; that as Mr. Elmore's tenant he, the witness, worked on halves, but turned over to Mr. Elmore each year all of the cotton and most of the corn and other crops the land produced; that during the latter part of 1938 Mr. Elmore told him to look for another place, as he was going to let "Aunt Lucy move back"; that, "Mr. Elmore told me I had to move and let Aunt Lucy have her place back"; that, "He told me he was going to let Aunt Lucy have her place back, to get somewhere else to stay"; that after Christmas in 1938, he the witness, moved to another place and that Lucy Kirksey moved back into the house he had vacated and in which Lucy had formerly lived. Mr. Elmore rendered the land for taxes and paid taxes on it for the years of 1936 through 1939, but did not render it subsequently. Lucy Kirksey did not render the land for taxes in 1936 but did for all subsequent years. However, she did not pay the taxes from 1935 through 1941. In May, 1946, J. R. Elmore ostensibly conveyed to his wife, the appellant, all property he owned, wheresoever situated. The deed of conveyance contained a catch-all clause, but it would appear that the grantor endeavored to list all of the many tracts of land in which he

had an interest and of which he was aware. The land in suit was not mentioned. J. R. Elmore died in 1947 and his will was admitted to probate during the same year. The executor apparently disregarded the aforesaid deed when he filed an inventory of the estate. The land in question was not listed in the inventory. ·The executor also made to Mrs. Elmore, who was sole beneficiary under the will, a deed to the property in which the deceased had had an interest. The land in suit was not mentioned in that deed either.

■ The evidence adduced by appellees to prove that between January 1, 1939, and January 29, 1952, the date on which suit was first filed, Lucy Kirksey perfected title to the land by adverse possession under the ten-year statute of limitation has been examined and found sufficient to support the jury's finding relative to that matter. No good purpose would be served by detailing and discussing it.

By her eighth point appellant complains that appellees did not prove themselves to be innocent purchasers without notice of the Kirksey-Elmore deed. This was not an issue in the case. The point is therefore overruled.

■ By her ninth point appellant complains of the form of special issue No. 1, which submitted the mortgage question. The special issue was not objected to on the ground that is now urged. Point nine is therefore overruled.

■ By her tenth point appellant complains of the trial court's action in overruling her objections to special issue No. 2, which submitted the question as to whether appellees or their predecessor in title had perfected title by limitation. And by her eleventh point and by points thirteen through sixteen she complains of the trial court's refusal to submit to the jury specially requested issues relative to appellees' claim of title by adverse possession. Appellant apparently takes the position that she asserted an affirmative defense to appellees' claim of limitation title and was entitled to an affirmative submission of that defense. The requested issues were with reference to whether Lucy Kirksey had held the land as a tenant of the Elmores and with reference to whether there had been a repudiation of the tenancy and notice of repudiation. Mrs. Elmore testified that she and her husband agreed with Lucy after the latter's sojourn in Houston that Lucy might return to the land in suit and live on it the rest of her life if she would keep the place up and pay the taxes on it. If error was committed in any of the respects asserted, it was harmless, since the judgment is supported by the jury's finding in response to the special issue that was submitted under the unrelated theory that the apparent deed was a mortgage, which finding could not have been affected by the matters complained of in the six points now being considered. See McDonald's Texas Civil Practice, Jury Trial: Charge sec. 12, 37A, p. 1170, and the cases there collated. Points ten and eleven and points thirteen through sixteen are accordingly overruled.

■ Point twelve is likewise overruled. It was not necessary in the circumstances to submit to the jury the matter of whether Mr. and Mr. Elmore perfected title under the three-year statute of limitation, Art. 5507, V.T.C.S. If the apparent deed was in fact a deed, Mrs. Elmore held title unless she had lost it to appellees under the ten-year statute of limitation. If it was not in fact a deed but only a mortgage, it would not have supported a finding in favor of Mrs. Elmore under the three-year statute. See Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139; District Grand Lodge No. 25, etc. v. Logan, Tex.Civ.App., 177 S.W.2d 813, error refused.

■ Article 5529, V.T.C.S., the four-year statute of limitation of general application is by its own terms inapplicable to actions for the recovery of real estate. The present suit is for the recovery of real estate and to remove cloud from title. It

was not barred by the four-year statute. Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Carl v. Settegast, Tex.Com.App., 237 S.W. 238; McGowen v. Montgomery, Tex. Civ.App., 248 S.W.2d 789. Point seventeen is therefore overruled.

The remainder of appellant's points, except No. 23, present variations of matters already ruled upon. They present no error and are overruled.

By point No. 23 appellant complains of the argument of counsel. The point is too general and indefinite to require consideration and is overruled.

No reversible error having been presented, the judgment of the trial court is affirmed.